THE STATE OF KANSAS v. ANDERSON SMALL.

1. EMBEZZLEMENT *by Bailee.* Where a person fraudulently removes and secretes a gelding with which he has been intrusted as bailee, with intent to embezzle and convert the property to his own use, he may be convicted therefor under the provisions of § 90, ch. 31, Comp. Laws of 1879.

2. EMBEZZLEMENT OF GELDING; *Value Need Not be Alleged.* Where the information charges the embezzlement of a gelding which has been delivered to the accused as bailee, the information need not allege the value of the property, as the statute provides that upon conviction therefor, the party so charged shall be adjudged guilty of larceny, and punished in the manner prescribed by law for stealing property of the nature so embezzled; and the punishment for persons convicted of stealing a horse or gelding is by confinement and hard labor not exceeding seven years.

3. ———— *Inadmissible Evidence.* Upon the trial, the defendant sought to introduce a conversation had by the prosecuting witness with another party, but as the proper basis for the impeachment of such witness was not laid, the court committed no error in refusing to receive such testimony, and committed no error in refusing to listen to the accused, and counsel's statement as to what evidence he proposed to offer, when the character of the questions asked showed the evidence inadmissible.

4. EMBEZZLEMENT, *Where Committed.* Where an accused, charged with embezzlement of a gelding, had such gelding delivered to him as bailee, in Sedgwick county, and thereafter fraudulently removed the animal for the purpose of applying it to his own use, from Sedgwick to Sumner county, and traded off the same in that county, and then, upon demand in Sedgwick county, refused to return the animal to the person entitled thereto, in accordance with the terms of the bailment, and falsely represented and stated that the animal had strayed away from him, *held,* the offense of embezzlement was complete in Sedgwick county, and the accused properly tried and convicted in that county.

## *Appeal from Sedgwick District Court.*

AT the May Term, 1881, of the district court, *Small* was found guilty of embezzlement, and sentenced to imprisonment in the penitentiary for the term of three years, from which sentence he appeals.

*O. H. Bentley,* for appellant.

*D. M. Dale,* county attorney, for The State.

14—26 KAS.

The opinion of the court was delivered by

HORTON, C. J.: At the May term, 1881, of the district court of Sedgwick county, the defendant was tried, found guilty, and sentenced to the state penitentiary for the term of three years. The statute under which this prosecution was had is § 90, ch. 31, Comp. Laws of 1879, which reads:

"If any carrier or other bailee shall embezzle or convert to his own use, or make way with or secrete with intent to embezzle or convert to his own use, any money, goods, rights in action, property or valuable security, or other effects, which shall have been delivered to him or shall have come into his possession or under his care as such bailee, although he shall not break any trunk, package, box, or other thing in which he received them, he shall upon conviction be adjudged guilty of larceny, and punished in the manner prescribed by law for stealing property of the nature or value of the article so embezzled, taken, or secreted."

The information alleged the embezzlement of one gelding, the personal property of Joshua Robinson. Counsel for appellant contends that the information does not state facts constituting a public offense — first, because a gelding is not the subject of embezzlement under the statute; second, because the value of the gelding is not set forth. Neither of these objections is well taken, as the words, "any money, goods, rights in action, property or valuable security, or other effects," embrace all classes of personal property; and as the punishment prescribed by the statute is the same as for stealing property of the nature or value embezzled, and as it is not necessary in informations charging the larceny of a horse or a gelding to give the value thereof, it is not necessary to allege or prove the value in this prosecution.

It is further urged, that the court deprived the defendant of a fair and impartial trial in refusing to hear the evidence of one Isaac Chase, and in also refusing to permit the appellant's counsel to state to the court what he desired to prove by the witness. From the record it appears that it was sought to introduce by Chase a conversation with Joshua

Robinson, the prosecuting witness. As the proper basis was not first laid for the purpose of impeaching the credit of the prosecuting witness, the court committed no error in refusing to receive the testimony. It was unnecessary to listen to appellant's counsel as to the evidence proposed to be offered by him, when the character of his questions showed the evidence inadmissible.

It is further claimed that if any offense was committed by the appellant, the commission was in Sumner, not Sedgwick county. It appears however from the evidence, that the property was placed in the possession of the appellant in Sedgwick county, and it was for a time under his care as bailee in that county. He refused, according to the evidence offered by the prosecution, to return the property to the party entitled to possession of it, in the county where he received it, and falsely represented that the animal had strayed away from him. The fact that while acting as bailee, he fraudulently removed the property to Sumner county, and there traded it off, does not defeat the prosecution of the action in Sedgwick county. In fact, according to the evidence of the prosecution, the offense was committed in the county in which the appellant was tried.

Exceptions are also taken to the refusal of the instructions asked for by appellant, but as the court included in its general charge sufficient of these to fully inform the jury of the law applicable to the case, no material error was committed.

Other errors are alleged, but the matters therein referred to are so unimportant that we do not think it necessary to make any comments thereon, especially in view of the fact that the briefs in many instances fail to refer specifically to the pages of the record which counsel desire to have examined.

The judgment of the district court will be affirmed.

All the Justices concurring.