THE STATE OF KANSAS v. CALVIN HAYES.

No. 10890.

EMBEZZLEMENT BY AGENT—*information for, must aver demand and refusal of amount due in excess of agent's charges and compensation, and must negative permission to use.* To charge embezzlement by an agent for failing or refusing to pay or deliver to his employer, on demand, money or property which comes into his possession by virtue of his employment, as defined in the latter part of section 88 of the Crimes Act, an averment of demand and refusal is essential; and, also, that the amount demanded is due, after deducting reasonable or lawful fees, charges, or commissions for the services of the agent; as well as one that his employer had not given the agent permission to use the money or property alleged to be unlawfully retained.

Appeal from Shawnee District Court. Z. T. Hazen, Judge. Opinion filed January 8, 1898. *Reversed.*

*L. C. Boyle*, Attorney General, and *A. P. Jetmore*, County Attorney, for the State.

*H. C. Safford, H. C. Root* and *J. J. Hitt*, for appellant.

JOHNSTON, J. Calvin Hayes was prosecuted by an information alleging that, in November, 1896, he was

"employed as the agent and bailee of Thomas W. Pelham"; and that "said Calvin Hayes then and there, not being a clerk, apprentice or servant within the age of sixteen years, did by virtue of said employment, then and there receive and take into his possession two certain car loads of apples containing in the aggregate three hundred sixty-three barrels of apples for sale, for and in the name of and on the account of Thomas W. Pelham, his principal and bailor, and he, the said Calvin Hayes, did then and there sell said apples for the sum of $635.25, and said Calvin Hayes did make an accounting with Thomas W. Pelham in the sum of $469.73, leaving the sum of $165.52 entirely unaccounted for, though such an accounting was demanded from said Calvin Hayes by Thomas W. Pelham, and the said Calvin Hayes did then and there fraudulently, unlawfully and feloniously make way with, secrete, embezzle and convert to his own use, said sum of $165.52, without the assent of Thomas W. Pelham, contrary to the statutes in such case made and provided and against the peace and dignity of the State of Kansas."

A motion to quash the information for insufficiency of averments was overruled; and the defendant was found guilty of embezzlement and sentenced to confinement in the State Penitentiary for a period of two years. The principal question presented upon his appeal is as to the sufficiency of the information. It is conceded that the information was drawn and the defendant prosecuted under the latter part of section 88 of the Crimes Act, which makes the neglect or refusal of an agent to pay over or deliver to his employer or employers, upon demand, money or property which has come into his possession by virtue of his employment, embezzlement.

On the part of the defendant, it is contended that

the information was fatally defective in several particulars : *First,* that it did not contain an averment of a demand and refusal to pay the $165.52, alleged to have been due from the defendant to Pelham ; *secondly,* the absence of an averment that his charges or stipulated commission had been deducted from the amount alleged to be due ; *thirdly,* the statement that the money had not been lost by the defendant by means beyond his control before he had an opportunity for restitution ; and, *fourthly,* the want of an averment that Pelham did not consent to the use of the money by the defendant.

The sufficiency of the information is to be tested by the provisions of the particular statute under which the defendant was prosecuted and convicted.   He was charged, as we have seen, under the amendatory provision added to section 88 of the Crimes Act in 1873, and which was again modified in 1881.   Laws 1873, ch. 83 ; Laws 1881, ch. 104.   It in effect defines a new and distinct offense, and was aimed particularly at agents and attorneys who failed or refused to pay or deliver to their employers, on demand, money or property which came into their hands by reason of their employment.   As will readily be seen, the matter of demand and refusal is an important element of the offense.   The fact that the defendant may be indebted to Pelham, or did not promptly remit the amount due, does not constitute a crime ; it is the failure or refusal to pay or deliver it over upon demand that is denounced by the statute ; and this being an essential ingredient of the offense, it was a necessary averment.   There was an allegation that an accounting was demanded, but none that the money due was demanded from the defendant.   He might refuse to render an account or join in an adjustment of the credits and charges which should be

made, and yet not be guilty of the offense charged. Until he has refused to pay or deliver, no offense has been committed.

The information should have stated that $165.52, or some other sum, was due, after deducting reasonable or lawful fees, charges or commissions for the services of the defendant, and also that his employer or principal had not given him permission to use the money demanded. These are included in the statutory definition of the offense, and as a general rule it is safe for a pleader to follow the terms or language of the statute in defining the offense. If the reasonable charges or commissions for which no credit had been given, exceeded or equaled the amount demanded, there would be no criminal liability; nor would there be if the employer had given permission to the agent to use the money for his own purposes.

The language used in the information is perhaps sufficient to show that permission to use the money was not given, as it is averred that what was done by the defendant was without the assent of his principal.

The other exception to liability, that the money or property charged to have been unlawfully retained was not lost by means beyond the control of the agent, might properly have been alleged, but, as it is a matter peculiarly within the knowledge of the agent, proof of the same could not easily have been made by the prosecution, and therefore the failure to aver the exception can hardly be regarded as a fatal defect.

The absence, however, of necessary averments, above referred to, required the sustaining of the motion to quash, and now compels a reversal of the judgment rendered.