THE STATE OF KANSAS v. ALVIN CAMPBELL.

No. 10980.

1. EMBEZZLEMENT—*officer of organization whose by-laws require him to collect and turn over money, is trustee of express trust.* One who takes upon himself an office in a fraternal and benevolent organization, the duties of which office as set forth in the printed or written by-laws and regulations are to collect the moneys of such organization and pay them over to another of its officers, is the trustee of an express trust, within the meaning of section 95, chapter 100, General Statutes 1897, and is liable under such statute for the embezzlement of the money collected by him.

2. FRATERNAL ORGANIZATION—*not a partnership.* A fraternal and benevolent organization which exists for the mutual aid of its members and not for the making of profits in the conduct of business, is not a partnership; and one of its members who wrongfully converts its funds to his own use cannot be absolved from liability therefor upon the ground that such wrongful act is not embezzlement but is the conversion of partnership funds.

Appeal from Finney District Court. W. E. Hutchison, Judge. Opinion filed March 5, 1898. *Reversed.*

*L. C. Boyle,* Attorney-General, and *B. F. Stocks,* County Attorney, for the State; *H. F. Mason,* of counsel.

*A. J. Hoskinson,* for appellee.

DOSTER, C. J. This was an appeal by the State from a judgment quashing an information. The information contained four counts. The first count was framed under the first part of section 95, chapter 100, General Statutes 1897, and charged the defendant, as trustee of an express trust, with embezzlement. The second count was framed under the latter part of the same section, and sought to charge the defendant, as an agent, with failure to deliver, upon demand, money which came into his possession as such agent. The third count was framed under section 97 of the same

chapter, and sought to charge the defendant, as bailee, with the embezzlement of money. The fourth count aggregated nearly all the facts alleged in the first three counts, and charged the defendant with the embezzlement of money. The facts as charged in each of the counts are set out with much particularity of detail.

Summarized, they state that there was a fraternal and benevolent organization known as the Knights of Pythias, a subordinate lodge of which existed at Garden City, Finney County; that the defendant was a member of such lodge; that he filled an office in it called Master of Finance; that the duties of such office were defined by written rules prescribed in the by-laws and other regulations governing the lodge; that such duties included the collection of dues from the individual members of the lodge and the payment of the money to another officer of the lodge, called the Master of Exchequer; that, in accordance with these rules and regulations, the defendant, as Master of Finance, received from the members the sum of one hundred and sixty dollars, which, instead of turning over to the Master of Exchequer, he converted to his own use.

For reasons not necessary to set forth, we are of the opinion that the court committed no error in quashing the second and third counts of the information. However, the first and fourth counts must be held good. Section 95, chapter 100, General Statutes 1897, makes embezzlement by trustees of express trusts punishable. The question which arises under the first count of the information is: Was the defendant the trustee of such a trust? "Express trusts are those which are created by the direct and positive acts of the parties by some writing, or deed, or will." 2 Story's Equity Jurisprudence (13th ed.), 283. The writings which

1. Officer trustee of express trust.

evidence such trusts need not be signed by the party who takes upon himself the trust obligation. Trust instruments are more often unilateral in execution than otherwise. In *Caldwell v. Matthewson* (57 Kan. 258, 45 Pac. 416), the assignee under a deed of assignment for the benefit of creditors was held to be the trustee of an express trust. The terms of the trust — the agreement of the trustee to be bound by the writing — may be evidenced by parol. Such being the law, there is no difficulty in holding the defendant to be the trustee of an express trust. The written rules and regulations of the society, contained in its constitution and by-laws, which provide among other things for the offices of Masters of Finance and Exchequer and which prescribe the duty of the one to collect and of the other to receive and disburse dues from the individual members of the lodge, constitute a trust instrument. It is reasonable to suppose that upon becoming a member of the lodge the defendant subscribed to its constitution and other published regulations; but, whether he did or not, his acceptance of the office to which he had been elected was an acknowledgment of his obligation to be bound by the printed or written rules pertaining to the administration of such office. Doing so, he accepted a trust, and made himself, by such act, the trustee of an express trust. The authorities are to such effect.

"A person who was trustee, treasurer and secretary of a savings bank was indicted for a misappropriation as a trustee. As secretary he received the money deposited, which, by the rules of the savings bank, it was his duty to hand over to the treasurer, who was required by the Savings Bank Acts to pay it over, when demanded, to the trustees, whose duty, as defined by the rules, was to vest it in the public funds in the names of the commissioners for the reduction of the national debt. He falsified his accounts, and

appropriated to his own purposes part of the money so deposited with him as secretary, with intent to defraud. Held, first, that he was a trustee for the benefit of other persons. Held, secondly, that there was an express trust created by the rules, although they were made before the appointment of the trustee and the existence of the trust fund. Held, thirdly, that the rules of the savings bank were an instrument in writing.'' 6 Am. & Eng. Encyc. Law, p. 482, note.

It cannot be claimed that the lodge was a partnership and the defendant one of the partners, and that a partner wrongfully making away with the funds of his firm is not guilty of embezzlement, 2. Fraternal organization not a partnership. upon the theory that one cannot be guilty of embezzlement from himself. Such associations as the one in question are not partnerships. The purposes of such organizations · are benevolent and fraternal, not for the conduct of business or the accumulation of profit. That they do not partake of the nature of partnerships, and that their fiscal or managing agents are guilty of embezzlement by the unauthorized conversion of their funds, is quite well shown in the case of *Laycock v. The State*, 136 Ind. 217. The first count of the information, therefore, should have been held good as against the motion to quash. So likewise the fourth count should have been held good. Some averments in the second and third counts justified the court in ruling that they did not state facts sufficient to constitute public offenses, but, in the general summary made in the fourth count of all the facts stated in the preceding counts, the objectionable matter contained in the second and third counts was left out.

The judgment of the court below quashing the first and fourth counts is reversed for proceedings in accordance with the views herein expressed.