No. 35,096

THE STATE OF KANSAS, *Appellee,* v. J. N. DOOLITTLE, *Appellant.*

(113 P. 2d 94)

Opinion filed May 10, 1941.

*Joe W. Moss* and *Warren B. Grant,* both of Independence, for the appellant.

*Jay S. Parker,* attorney general, *Harold A. Wayman,* county attorney, and *Clement H. Hall,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This is an appeal in a criminal action.

In his brief appellant presents six propositions wherein he con-

tends there was error. Preliminary to a discussion of the alleged errors, it may be said the evidence disclosed that one W. R. Riggs was engaged in the business of selling various types of food products to merchants in a number of counties in Kansas, his head office being in Wichita. Appellant was employed by Riggs as a salesman-driver to cover certain territory, and was furnished with a stock of goods at Independence from which he supplied the merchants to whom he made sales. In the course of his employment he used a truck and made deliveries as the merchandise was sold. He was furnished with a price list at which various articles were to be sold, deviation therefrom being permitted only for quantity sales. When a sale was made a sales ticket was prepared showing items and costs and whether the goods were sold for cash or on credit, copies of these tickets being sent daily to Riggs at Wichita. All moneys and checks for goods sold were to be deposited daily in a designated bank in Independence. Appellant was authorized to endorse checks for deposit only. His wages were paid to him by Riggs from Wichita. The evidence showed that appellant in instances sold goods at prices below the list price, and after leaving the merchant's place of business he would alter the sales ticket to be returned to Riggs to show he had sold at the listed price; that in instances he would sell goods for cash which he collected and would return to Riggs altered tickets showing that the goods had been sold on credit. Appellant contended that he used the money thus obtained to apply to the shortage occasioned by selling goods below list price, and that although credits had not been made to the proper accounts that in the aggregate he had deposited in the bank every cent which he had collected from all the merchants to whom he sold. There was also evidence that he had cashed checks instead of depositing them in the bank. His explanation was that he cashed them in order to make change. Ultimately Riggs turned over to a third person for collection a number of accounts of merchants apparently owing him and shortly thereafter appellant wrote Riggs a letter stating his health was bad and because he had played the part of a fool it was necessary that relations be severed. Riggs met appellant and appellant then went over the accounts as prepared in Riggs' office, at which time appellant indicated which accounts were good and which were bad, the evidence as abstracted not showing why any accounts were not good, but showing an apparent shortage of over $1,300. Later Riggs and appellant inventoried the stock of merchandise. Thereafter prosecu-

tion was commenced, the information containing two counts, the first charging embezzlement of $1,665.25 in money and the second charging embezzlement of merchandise worth $774.61. The jury found appellant guilty on the first count and not guilty on the second count. It is to be observed there is no contention that the evidence does not support the verdict, nor that any evidence was improperly received.

Appellant's first contention is that under the information charging embezzlement of $1,665.25, the jury might have found appellant guilty of embezzling less than $20 (G. S. 1935, 62-1023); that the verdict did not specify the grade or degree of the offense as required by statute (G. S. 1935, 62-1502), and therefore is insufficient. The verdict returned recited the jury found defendant "guilty of embezzlement, all in the manner and form charged by the first count of the information." The question does not seem to have been presented to the trial court on the hearing of the motion for a new trial, nor did the motion for a new trial include it as a ground. We shall, however, notice the matter briefly. The particular point is that a finding of guilty "as charged in the information" is fatally defective where under the information it would have been possible for the jury to have found a lesser degree of felony or of a misdemeanor. Appellant directs our attention to *State v. Treadwell,* 54 Kan. 513, 38 Pac. 813; *State v. Pickering,* 57 Kan. 326, 46 Pac. 314; *State v. Pettys,* 61 Kan. 860, 60 Pac. 735, and other citations, all of which tend to uphold his contention. In a series of later habeas corpus cases, this court has held that in interpreting the verdict in a criminal case there is no reason why the court should not make use of anything in the record that tends to show with certainty what the jury intended. See, *e. g., In re Mooney,* 89 Kan. 690, 132 Pac. 217, and *Hodison v. Rogers,* 137 Kan. 950, 22 P. 2d 491, and cases cited. The record as abstracted discloses the trial court expressly instructed the jury it was not necessary for the state to prove the exact amount alleged, and—

"If you find from the evidence that the defendant did embezzle an amount over $20 in value in the manner alleged and charged in the information, then you will be justified in finding him guilty as charged, and if you find from the evidence that the defendant embezzled an amount under the value of $20 in the manner and form alleged in the information, then and in that event, you would be justified in finding him guilty of embezzlement of an amount under the value of $20."

The record also discloses the trial court submitted to the jury three forms of verdict, one specifically covering embezzlement of an amount less than twenty dollars, one finding defendant not guilty, and the third which the jury returned. In view of the record which clearly discloses the jury intended to find the amount of the embezzlement was over twenty dollars, and the further fact there is no contention the evidence did not sustain such a verdict, the appellant's contention the verdict is fatally defective cannot be sustained. The error, if any, does not compel a reversal. (G. S. 1935, 62-1718).

Appellant's next contention is that the trial court did not permit him to include in his opening statement his attempted defense. We find some difficulty in discussing appellant's contention, for the so-called defense as attempted to be stated pertained to the second count, on which he was found not guilty. Insofar as the first count is concerned, the record as abstracted does not disclose anything unless it be that appellant's operations made him guilty of the second rather than the first count. In his argument, however, some stress is laid on the claim that appellant paid into the bank every cent that he collected, that he personally kept none of it, and that the state's proof did not show to the contrary, and our attention is directed to the authorities tending to show that to constitute embezzlement the accused must have applied the property to his own use, and it is argued that because ultimately appellant accounted for all he collected there was no embezzlement. The argument ignores appellants's own testimony that he sold goods for cash, reported to his employer that he sold the same on credit, and used the cash to cover the shortage occasioned by his selling merchandise at less than the list prices and as reported to his employer by him. That was an application to his own use; the fact he did not ultimately profit was immaterial. The matter is controlled by the reasoning of *State v. Pratt*, 114 Kan. 660, 220 Pac. 505, where it was said:

"The money was applied to the use of the appellant when he used it the way he wanted to use it, whether he chose to use it on his personal obligations, or give it to the bank of which he was president, or spend it in riotous living, he directed its disposition and thereby applied it to his own use." (p. 666.)

and where it was held:

"When one applies money or property left in his custody to a use which he desires to make of it, it is applied to his own use." (Syl. ¶ 5.)

As presented in his brief, as distinguished from what he told the court, it appears appellant wanted to present his shortages of merchandise, his selling below cost, and his application of moneys collected to that shortage as a defense. His motive was immaterial and not a matter of defense. (See *State v. Pratt*, supra, syl. ¶ 4,·and *State v. Finney*, 141 Kan. 12, 40 P. 2d 411.)

The third contention of error is the trial court erred in holding and ruling frequently during the trial that the defense as above indicated was not a good defense, in refusing to allow defendant to fully develop that defense by testimony, and indicating an attitude throughout the trial prejudicial to the defendant. The first part of this contention is of importance only if the trial court erred in holding the proffered defense was not an actual defense. From what has been said, it appears the trial court ruled correctly. It may not be said that appellant was prejudiced by unfavorable rulings on admissibility of testimony repeatedly offered to show the same proposed defense. If any competent evidence were offered and rejected, it was not brought before the trial court on the motion for a new trial, nor do we now know what it was, if any.

Some complaint is also made because the trial court made some of its rulings directed to counsel who were close to the bench and in such a low tone the jury could not hear, and which the reporter did not understand so that no record was made. We have examined this complaint, and about the most that can be said is that the trial court tried to impress on counsel the proposed defense was no defense in law. Adverse rulings repeatedly made necessary by persistent action of a defendant may not be said to be prejudicial where they are correctly made.

Appellant's next contention is that his conviction may not stand· because the state failed to prove demand by Riggs upon appellant. Count one of the information charged an offense under the first part of G. S. 1935, 21-545. The evidence showed without dispute that under his contract of employment appellant was to collect moneys due to Riggs and deposit them in a certain bank, making daily report to Riggs of the sources. He had authority to endorse checks for deposit but not otherwise. He had no authority to draw on the account thus created. He was paid his salary from the Wichita office. Insofar as moneys and checks were concerned, appellant had no independence of action and no discretionary control.

The factual situation was materially different from the situations disclosed in *State v. Hayes*, 59 Kan. 61, 51 Pac. 905, *State v. Rush*, 138 Kan. 465, 26 P. 2d 581, and *State v. Evans*, 143 Kan. 29, 53 P. 2d 789, relied on by appellant. Demand is necessary only where the prosecution is under the second part of the above statute. Since its original enactment, the statute under which appellant was prosecuted has been amended on at least two occasions, and in *State v. Rush*, supra, may be found a history of the changes and an analysis of some of our decisions construing it. What is there said need not be reviewed. It appears from the cases therein cited that under the facts of this case appellant was properly charged under the first part of the statute, and no demand was necessary. (See, also, *State v. Campbell*, 59 Kan. 246, 52 Pac. 454.)

Appellant raises the question the venue was not in Montgomery county, and although recognizing that under G. S. 1935, 62-407, when property taken in one county by embezzlement has been taken into another county, the jurisdiction is in either county, contends there is no evidence he brought into Montgomery county any money not accounted for and received in another county. The contention cannot be sustained. The evidence showed he collected moneys for goods sold, reported the sales as sold on account, and used the money by crediting it on other and different accounts on which he was short, the application being finally accomplished when he deposited the money in the bank at Independence and reported the same to Riggs.

The final contention is that the trial court should have given an instruction on the purported defense to the first count of the information. From what has been previously said, it appears the proposed defense was not a good defense. The court therefore did not err in not giving an instruction thereon.

No prejudicial error has been made to appear and the judgment of the trial court is affirmed.

ALLEN, J., dissents.