No. 39,095

The State of Kansas, *Appellee*, v. Paul Virgil Stout, *Appellant*.

(264 P. 2d 1056)

filed December 12, 1953.

*Walter S. Keith,* of Coffeyville, was on the briefs for the appellant.

*Tom Crossan,* county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, and *Paul E. Wilson,* assistant attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: Defendant was tried, convicted and sentenced on a charge of embezzlement and appeals.

The prosecution was instituted under the provisions of G. S. 1949, 21-547, providing:

"If any carrier or other bailee shall embezzle or convert to his own use, or make way with or secrete, with intent to embezzle or convert to his own use, any money, goods, rights in action, property or valuable security or other effects, which shall have been delivered to him, or shall have come into his possession or under his care as such bailee, although he shall not break any trunk, package, box or other thing in which he received them, he shall upon conviction be adjudged guilty of larceny, and punished in the manner prescribed by law for stealing property of the nature or value of the article so embezzled, taken or secreted."

Omitting formal averments, verification and other matters of no consequence the information, which it is to be noted was not challenged in the court below and is not here in question, reads:

"THAT heretofore and to-wit on or about the 1st day of October, A. D., 1952, at and within the County of Montgomery and State of Kansas, the above named defendant, Paul Virgil Stout, then and there being, and being then and there the bailee of a certain 1940 Mercury sedan automobile, which said automobile was then and there owned by one Carl Medsker, and the said defendant being over the age of sixteen years, did then and there by virtue of his trust as bailee take said automobile for the purpose of securing the purchase price for said automobile and did represent to the owner that he would return within five minutes and make the down-payment therefor, and thus did receive into his possession said automobile, the same having a fair and reasonable value of over Twenty Dollars, and being the property of the said Carl Medsker, all as aforesaid, and after having so received said property in the manner aforesaid, did wilfully, wrongfully, unlawfully and feloniously embezzle and convert to his own use the said automobile aforesaid, which came under his care as such bailee; all with the intent then and there on the part of him, the said defendant, to convert said property to his own use and to deprive the owner of the use thereof;

all without the consent of the said owner, Carl Medsker; all contrary to and in violation of the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Kansas."

After defendant had been formally arraigned and entered a plea of not guilty a jury was empaneled and sworn to try the cause. So far as the record discloses the only evidence adduced by the state consisted of the testimony of the prosecuting witness (Carl Medsker) and police officers participating in defendant's apprehension and arrest. Defendant's evidence consisted of his own testimony. Following this and instructions by the court as to the law, the cause was submitted to the jury which, within forty minutes from the time of entering the jury room, arrived at a verdict of guilty as charged in the information. When the verdict was returned the trial court polled the jury and, after having received an answer from each juror that the verdict was his own, ordered such verdict to be entered of record. Subsequently defendant's motion for new trial was overruled, judgment was rendered on the verdict, and defendant was sentenced to the Kansas State Penitentiary for the period of time prescribed by G. S. 1949, 21-534. Thereupon defendant perfected this appeal wherein, under proper specifications of error, he charges that the verdict was contrary to the law and the evidence and that the trial court should have granted him a new trial.

In a preliminary way it should be said at the outset that a person may be convicted under the provisions of G. S. 1949, 21-547, where he embezzles property with which he has been entrusted as bailee. (*The State v. Small,* 26 Kan. 209; *The State v. Chaplain,* 101 Kan. 413, 166 Pac. 238.)

The first contention advanced by appellant is that a demand for the return of the property involved is essential to a conviction under the provisions of 21-547, *supra,* and that since the record in the instant case discloses no such demand the verdict and judgment cannot stand. We do not agree. The rule, recognized by well established textbooks and legal treatises (See 29 C. J. S., Embezzlement, 684 § 11c; 18 Am. Jur., Embezzlement, 603 § 51; 1 Wharton's Criminal Procedure [10th Ed.] 773 § 593; 1 Brill Cyclopedia Criminal Law 916 § 542; 2 Burdick Law of Crime 394 § 584c) as well as by our own decisions (*State v. Doolittle,* 153 Kan. 608, 113 P. 2d 94), is that where—as here—a demand is not made an element of the offense by the statute proof thereof is neither necessary nor required.

When carefully analyzed and stripped of extraneous matter the

gist of all arguments made by appellant in support of his second and final claim of error is that the evidence disclosed a conditional sale instead of a bailment, hence it failed to establish the crime charged in the information or sustain a conviction under the provisions of 21-547, *supra*. This argument ignores the force and effect to be given the evidence. Without laboring the record it suffices to say the prosecuting witness testified to a state of facts clearly establishing the charge contained in the information while the appellant testified to facts which, if they had been believed, would have established a conditional sale. The cause was submitted to the jury on this factual issue under instructions to which appellant made no objection. The jury saw fit to give credence to the testimony of the prosecuting witness, disbelieve the appellant and return a verdict of guilty as charged in the information. Under such circumstances there is no basis for holding the verdict was contrary to the law. Nor can it be held such verdict was contrary to the evidence. This court has long been committed to the rule it is the function of the jury, not the court of appellate review, to weigh the evidence and pass upon the credibility of the witnesses and, if there is substantial competent evidence to support it, a verdict will not be disturbed on the ground it is based on insufficient evidence or is contrary to the evidence. (*State v. Osburn*, 171 Kan. 330, 232 P. 2d 451.)

Appellant's claim the trial court erred in overruling his motion for a new trial is based upon the same grounds as those heretofore discussed and determined and for that reason requires no further attention.

The judgment is affirmed.