No. 45,108

STATE OF KANSAS, *Appellee*, v. MILFORD M. MAGEE, *Appellant*.

(441 P. 2d 863)

Opinion filed June 8, 1968.

*Sam A. Crow*, of Topeka, argued the cause, and *J. A. Dickinson, Ralph E. Skoog* and *Bill G. Honeyman*, of Topeka, were with him on the brief for appellant.

*Robert D. Hecht*, county attorney, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: An indictment was returned by a Grand Jury of Shawnee County, charging the defendant with the offenses of embezzlement as defined in K. S. A. 21-545, and forgery. The forgery charge was dismissed at the close of the state's case. The defendant was convicted by a jury of the offense of embezzlement, and he appeals from that conviction.

The evidence established that on or about June 23, 1965, the defendant was appointed guardian of the estate of E. Sydney Smith, a minor, by the probate court of Shawnee County. The defendant

qualified as guardian by filing a good and sufficient statutory bond, and letters of guardianship were issued.

Counsel for the state and for the defendant stipulated that from about June 9, 1965, through September 27, 1965, the defendant received, as guardian of the estate of the minor, the sum of $13,727.65 from various life insurance companies and from the Veterans Administration. It was further stipulated that the money so received was deposited by the defendant in the Roose & Magee trust account in the First National Bank of Topeka.

The testimony of the officers of the First National Bank and the records of the bank established that, from the month of May, 1966, to the date of the trial, there was not on deposit in any account in which the defendant had any interest, enough funds to cover the claim of E. Sydney Smith and, in fact, there was nothing on deposit with the bank except a nominal sum. Three other banks in Topeka, by and through their officers and records, testified that the defendant either had or previously had accounts in their banks in which he had an interest, but that the accounts were closed and there was not and had not been sufficient funds on deposit with which to liquidate his account as guardian.

The evidence further established that on or about May 27, 1966, the defendant filed a petition as guardian to close the guardianship estate and also filed a verified accounting as a part of that petition. When it was made to appear that the defendant did not have sufficient money to pay to a successor guardian, the probate court entered an order removing the defendant as guardian, and held a hearing in the manner of a discovery proceeding in that court in which the defendant, as guardian, appeared and testified as a witness, and a transcript of his testimony was made, which was introduced in evidence at his trial. A summary of that evidence disclosed that the defendant did not have on deposit in any bank a sum in excess of $1,000; that all of the foregoing receipts which had been deposited had been drawn out of the bank either by the defendant, or his secretary at his direction, and that none of the money he had received had been used for the benefit of the minor, E. Sydney Smith.

The evidence further established that the defendant did not have and could not produce the money which, by his own accounting to the probate court, was due and owing to the estate of the minor. The evidence further established that the estate was made whole

by the defendant's bonding company, and that the obligation between the defendant and the bonding company was secured by a *second mortgage on the defendant's residence.*

It is first contended the Grand Jury indictment charging the defendant with the embezzlement did not state facts sufficient to constitute a public offense. It is argued the indictment did not allege the defendant had willfully violated his duties, nor that a lawful demand had been made upon him. The point is not well taken. Omitting the formal parts of the indictment, it alleged:

"On or about the _____ day of May, 1966, at Topeka, in the County of Shawnee, State of Kansas, and within the jurisdiction of this Court, one Milford M. Magee, then and there being, did unlawfully, feloniously and willfully, while the guardian of E. Sydney Smith, embezzle and convert to his own use and did take, make away with and secrete with the intent to convert to his own use and without the consent of his ward, E. Sydney Smith, a minor, and without the consent or authority of the Probate Court of Shawnee County, Kansas, said Court being the Court which had appointed said Milford M. Magee as the Guardian of the Estate of E. Sydney Smith, the sum of Thirteen Thousand Seven Hundred Fifty-Three Dollars and Sixty Six Cents ($13,753.66), all of said funds having come into the possession of the said Milford M. Magee on or about June 16, 1965 and belonging to the estate of E. Sydney Smith, which money came into the possession of the said Milford M. Magee by virtue of his having been appointed the guardian of said E. Sydney Smith, a minor, contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of Kansas."

The statute (K. S. A. 21-545) under which the defendant was charged, is lengthy and contains two parts. The defendant was charged with violating the first provision or part of the statute, and the pertinent portion thereof reads:

"Any agent . . . or any trustee of an express trust, or any executor or administrator of any estate, or the guardian of the property of any minor . . . appointed by any court or judge in this state, who shall embezzle or convert to his own use, or shall take, make away with, or secrete, with intent to convert to his own use . . . any money, bank bills, treasury notes, goods, rights in action, or valuable security or effects whatsoever, belonging to any such . . . estate, minor . . . which shall have come into his possession or under his care by virtue of such . . . office or trust, shall upon conviction thereof be punished in the manner prescribed by law for stealing property of the kind or value of the articles so embezzled, taken or secreted . . ."

It is unnecessary to refer to the second part since the indictment was not brought under its provisions.

Commencing with the case of *State v. Doolittle,* 153 Kan. 608, 113 P. 2d 94, this court has specifically held that demand is not a

necessary element of the crime of embezzlement when the crime is charged under the first part of 21-545. In that case, the court held:

"Where, contrary to his authority, one applies money or property left in his custody to a use which he desires to make of it, it is applied to his own use." (Syl. ¶ 3.)

And in the opinion it was said:  ·

". . . Demand is necessary only where the prosecution is under the second part of the above statute. Since its original enactment, the statute under which appellant was prosecuted has been amended on at least two occasions, and in *State v. Rush*, supra, may be found a history of the changes and an analysis of some of our decisions construing it. What is there said need not be reviewed. It appears from the cases therein cited that under the facts of this case appellant was properly charged under the first part of the statute, and no demand was necessary. (See, also, *State v. Campbell*, 59 Kan. 246, 52 Pac. 454.)" (l. c. 613.)

Subsequently, and in *State v. Stout*, 175 Kan. 414, 264 P. 2d 1056, the holding in *Doolittle* was reaffirmed, and it was said:

"The first contention advanced by appellant is that a demand for the return of the property involved is essential to a conviction under the provisions of 21-547, *supra*, and that since the record in the instant case discloses no such demand the verdict and judgment cannot stand. We do not agree. The rule, recognized by well established textbooks and legal treatises (See 29 C. J. S., Embezzlement, 684 § 11c; 18 Am. Jur., Embezzlement, 603 § 51; 1 Wharton's Criminal Procedure [10th Ed.] 773 § 593; 1 Brill Cyclopedia Criminal Law 916 § 542; 2 Burdick Law of Crime 394 § 584c) as well as by our own decisions (*State v. Doolittle*, 153 Kan. 608, 113 P. 2d 94), is that where—as here—a demand is not made an element of the offense by the statute proof thereof is neither necessary nor required." (l. c. 416.)

As indicated, the defendant stipulated that he was appointed by the probate court of Shawnee County as guardian of the estate of the minor and duly qualified. It was further stipulated that while acting as guardian of the minor, he received certain sums of money in the amount alleged in the indictment and that those sums of money are not now on deposit in any account.

The first part of the statute specifically provides for the prosecution of a person who, acting as the guardian of a minor, embezzles, secretes, or makes away with the property of the minor. It is clear to us from the evidence and the allegations in the indictment that the defendant was properly charged under the first part of the statute here involved, and that any claim otherwise is without merit.

It is next contended that the county attorney made statements prejudicial to the defendant's case in his closing argument to the jury. The statement most complained of reads:

"But remember that check was bought and paid for by the bonding company and Mr. Magee did not have and has not shown where the money is."

The defendant contends the statement was a comment on defendant's failure to testify. We cannot agree. The record indicates the comment was a rebuttal of defense counsel's argument that the defendant had properly accounted for the money. Defense counsel made several statements to the effect that the newly appointed conservator had received a check accounting for the absentee funds; that the conservator had the insurance money and that the defendant had obtained a receipt for the check or money delivered to the new conservator. Some of the language used includes the following:

"They still have it. They received it when they requested it . . . you can see that the money was there . . . the receipt is to Milford Magee . . . And recall again, that he gave them the money."

The county attorney's statement was made in response to explain that the check received was from the bonding company and not from the defendant, and that the check was not the money received from the various insurance companies.

The law in this respect is quite clear. There is no prejudicial error where the questionable statements of a prosecuting attorney are provoked and made in response to previous arguments or statements of defendant's attorney. (*Montgomery v. Commonwealth,* [Ky.] 346 S. W. 2d 479; *Pace v. State,* 171 Tex. Cr. App. 219, 346 S. W. 2d 339; *Patterson v. State,* _____Tex. Cr. App. _____, 416 S. W. 2d 816.) The court said in *Patterson v. State,* supra, there is no reversible error where the record clearly demonstrates that the argument complained of was made by the prosecutor while he was reviewing the admitted statements of appellant which were in evidence before the jury. A reading of the argument complained of in context clearly reflects that the reference was to admitted statements and not to appellant's failure to testify. The defendant was not deprived of a fair trial by reason of remarks made by the county attorney. See, *State v. Sauvage,* 201 Kan. 555, 441 P. 2d 861.

The defendant contends that the district court erred in the giving of instructions and in failing to give requested instructions. We have examined the instructions given by the district court and those requested by the defendant and find no error. The district

court properly instructed the jury in accordance with the law stated in the *Doolittle* and *Stout* cases.

Other matters have been raised but they are so patently innocuous that they do not warrant comment.

We have carefully examined the record and find no error. We are satisfied the defendant's substantial rights were in no way impaired, and we affirm the judgment.

It is so ordered.