No. 45,274

State of Kansas, *Appellee,* v. Ronald Lyon, *Appellant.*

(452 P. 2d 838)

Opinion filed April 12, 1969.

*Russell Shultz,* of Wichita, argued the cause and was on the brief for appellant.

*John S. Elting,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

Fatzer, J.: The defendant, Ronald Lyon, was convicted by a jury of the crime of embezzlement by a bailee in violation of K. S. A. 21-547. He was sentenced to a term of not less than fifteen years in the Kansas State Penitentiary pursuant to K. S. A. 21-107a.

At the oral argument, it was stated the sole question presented is whether there was an absence of substantial evidence proving or tending to prove the essential elements of the crime charged.

The defendant was in the business of drilling water wells. On September 8, 1966, he took his 1957 Chevrolet station wagon into the Grumbein Motor Company at Dighton, Kansas, to have it repaired. The motor had a broken piston and it was necessary that it be disassembled in order to make the repairs. The defendant arranged to leave his station wagon for repairs and to borrow a 1958 Chevrolet pickup from Clarence Grumbein, the owner of the Grumbein Motor Company, while the repairs to his station wagon were being made. The defendant was told the repairs would be completed within two or three days, and he agreed to return the pickup and reclaim his station wagon.

Mr. Grumbein knew the defendant was not a resident of Dighton or Lane County, and testified the defendant gave him the impression he was working south and east of Dighton. However, the defendant took the pickup and proceeded to Crete, Nebraska, where the vehicle eventually broke down and was left sitting until February 1967. Grumbein attempted to contact the defendant but was only successful in contacting his mother who did not know where he could be reached. The defendant's mother paid the repair bill on the station wagon and took care of certain no-fund checks the defendant had previously issued to Grumbein.

On March 1, 1967, the defendant took the pickup in question to the Vincent Motor Company in Russell, Kansas, to be repaired. He told the service manager of the Vincent Motor Company to do any work required to put the vehicle in good shape. A Mr. Nuss, who was employed by the Vincent Motor Company, testified he told the defendant it would take several days to overhaul the pickup and upon the defendant's request, loaned him a pickup truck upon his agreement to come back in a few days, pay for the repairs, and pick up his vehicle. Nuss testified the defendant did not tell him he (the defendant) had borrowed the pickup in question. Nuss found a dealer's license plate in the pickup truck and was advised by the sheriff of Russell County that it belonged to the Grumbein Motor Company at Dighton. He then called Mr. Grumbein and was informed that from the description it appeared to be Grumbein's missing vehicle.

In the meantime the defendant was arrested and jailed in La Crosse, Kansas, on a misdemeanor bad check charge and he was later turned over to the sheriff of Lane County. The defendant was arrested by the Lane County sheriff on March 31, 1967, some six and a half months after he had borrowed the vehicle in question. During this period, the defendant made no attempt to contact the Grumbein Motor Company in any manner or to reclaim his 1957 station wagon and return the borrowed vehicle.

The defendant contends that the record fails to disclose the complainant Grumbein made a demand for the return of the vehicle, and asserts the verdict and judgment cannot stand. The point is not well taken. In *State v. Stout*, 175 Kan. 414, 264 P. 2d 1056, it was said that where, as in G. S. 1949, 21-547 (now K. S. A. 21-547) a demand is not made an element of the offense, proof by the state of the making of a demand is neither necessary nor required, and

that a person may be convicted under the provisions of that statute where he embezzles property with which he has been entrusted as a bailee.

The case was submitted to the jury under the factual issues and upon instructions to which the defendant made no objection. The jury, under proper instructions from the court, saw fit to give credence to the testimony of the prosecution's witnesses, to disbelieve the defendant, and it returned a verdict of guilty as charged in the information. Under all the facts and circumstances disclosed by the evidence, the jury might have reasonably drawn an inference of guilt. It is the function of the jury, not the court on appellate review, to hear the evidence and pass upon the credibility of the witnesses, and there was substantial evidence to support the verdict of guilty, which received the approval of the district court. Under such circumstances, the verdict of guilty will not be disturbed on the grounds it was based on insufficient evidence or contrary to the evidence. (*State v. Osburn,* 171 Kan. 330, 232 P. 2d 451; *State v. Magee,* 201 Kan. 566, 441 P. 2d 863.)

The defendant's contention the district court erred in failing to transfer venue of the case to Russell County is not well taken. Under the provisions of K. S. A. 62-407 where property taken in one county by embezzlement has been brought into another county, the jurisdiction is in either county. (*State v. Small,* 26 Kan. 209, and *State v. Doolittle,* 153 Kan. 608, 113 P. 2d 94.)

A careful examination of the record discloses no trial errors that would justify the granting of a new trial. The judgment is affirmed.