(872 P.2d 758)
No. 68,947

CLARENCE CONRAD BOLTON, *Appellant,* v. VELDA SOUTER,
*Appellee.*
Petition for review denied 254 Kan. 1006 (1994).

Opinion filed September 24, 1993.

*E. Dexter Galloway,* of Hutchinson, for appellant.

*Richard J. Rome,* of Hutchinson, for appellee.

Before LARSON, P.J., LEWIS, J., and JOHN ANDERSON III, District Judge, assigned.

LARSON, J.: E. Dexter Galloway, conservator of Clarence Conrad Bolton, appeals the trial court's refusal to double his money judgment against Velda Souter under K.S.A. 59-1704.

Bolton was in his early 90's in December of 1989 when conservatorship proceedings were commenced in which Joyce Van Buren sought to be appointed his guardian and conservator.

While the proceedings were pending and before the appointment could be completed, Bolton gave Souter two checks totaling $2,200 in an attempt to hide money from Van Buren and establish an emergency fund.

Both checks were cashed, and $2,200 was deposited in an account Souter opened at a Hutchinson bank. A few days after entrusting the money to Souter, Bolton asked for $500 "to test her out to see if she was honest about it." Souter delivered $500 to Bolton as he requested. Later, at Bolton's request, Souter cashed another check for $300, which Bolton gave to Souter to help with the purchase of a car.

When Bolton asked Souter to return more of his money, Souter refused, contending she was not indebted to him.

Galloway later became Bolton's conservator and sued Souter on his behalf. Souter testified at the court trial that she only deposited $1,000 of Bolton's money in the account and that the $1,200 deposit shown on the bank statement came from her separate funds. She claimed she gave $800 to Bolton, which left $200 she claimed Bolton gave to her to buy a car and car insurance.

The bank's records indicate that between late December of 1989 and June 1, 1990, Souter wrote checks on the account payable to her children, Reno County, State Farm, KPL Gas Service, and others. On June 2, 1990, Souter deposited $1,172 of her income tax return into the account, and by October 1990, the balance was under $10. The account was closed in overdraft status in March of 1991.

The trial court considered the evidence, determined Souter owed Bolton $1,400, and awarded judgment accordingly. This was not appealed.

Bolton then moved to double the amount of the judgment pursuant to K.S.A. 59-1704, which states:

"If any person embezzles or converts to his or her own use any of the personal property of a decedent or conservatee, such person shall be liable for double the value of the property so embezzled or converted."

The trial court denied that motion and a motion to reconsider, finding no conversion or embezzlement occurred under the facts of this case and, if embezzlement took place, no lawful demand for return of the money had been made.

Bolton appeals, contending all of the requirements of K.S.A. 59-1704 have been clearly satisfied and that when the facts of a situation fit squarely within the statute, the trial court must double the judgment. *In re Conservatorship of Marcotte*, 243 Kan. 190, 756 P.2d 1091 (1988).

Souter responds by asserting the provisions of K.S.A. 59-1704 apply only to fiduciaries; that she was not a fiduciary of Bolton when she came into possession of the money and has never been a fiduciary of Bolton; that she is not subject to the mandate set forth in the statute; and that the trial court correctly found no conversion or embezzlement occurred.

Souter's response focuses attention on the interpretation of the term "any person" in K.S.A. 59-1704. It is not necessary to reach that issue if the trial court is correct in its ruling that no conversion or embezzlement occurred, so we must first consider that question.

In his motion to reconsider, Bolton did not pursue the conversion claim and focused his argument on the contention that an embezzlement had occurred. In rejecting the claim that an embezzlement had occurred, the trial court ruled there was no evidence Souter acted fraudulently, and because Bolton was a conservatee, he never lawfully demanded return of the money, which could only be done through his conservator.

Embezzlement is defined as "[t]he fraudulent appropriation of property by one lawfully entrusted with its possession." The elements are: (1) a relationship must exist between the owner of the money and the embezzler, (2) the money alleged to have been embezzled must have come into the possession of the embezzler by virtue of that relationship, and (3) there must be an

intentional and fraudulent appropriation or conversion of the money. Black's Law Dictionary 522 (6th ed. 1990).

Fraud "consists of some deceitful practice or willful device, resorted to with intent to deprive another of his right, or in some manner to do him an injury." Black's Law Dictionary 594 (5th ed. 1979).

"The gist of the offense of embezzlement is the withholding of money or property with intent to defraud the owner, or to deprive him of the use and benefit of his money or property, and convert or apply the same to the defendant's own use or benefit." *State v. Atwood*, 187 Kan. 548, 555, 358 P.2d 726 (1961). "The essence of embezzlement is fraudulent appropriation to one's own use of property or money intrusted to him, instead of keeping or applying it to the use for which he held it." *State v. Stryker*, 118 Kan. 620, 625, 236 Pac. 849 (1925). See *State v. Watson*, 145 Kan. 792, Syl. ¶ 2, 67 P.2d 515 (1937).

In embezzlement, possession of the property is obtained for a lawful purpose, which the wrongdoer later perverts to an unlawful use or purpose of his or her own. *State v. James*, 157 Kan. 703, 706, 143 P.2d 642 (1943). " 'When one applies money or property left in his custody to a use which he desires to make of it, it is applied to his own use.' " *State v. Doolittle*, 153 Kan. 608, 611, 113 P.2d 94 (1941).

The relationship in this case between Bolton and Souter is similar to a gratuitous bailment. One may embezzle property to which he or she has been entrusted as a bailee. *State v. Lyon*, 203 Kan. 78, 452 P.2d 838 (1969).

Based upon the trial court's unappealed findings, Bolton entrusted Souter with money to hold for him for his benefit and use. Instead of doing so, Souter intentionally and deceitfully converted part of it to her own use by paying some to her family members and using the rest to pay her own bills. Evidence that Souter acted fraudulently was shown by the copies of the bank statements and cancelled checks detailing usage of the money.

We hold the trial court erred by finding an embezzlement did not occur. All the elements of embezzlement have been shown in this case.

We also disagree with the trial court's finding that a proper demand for return of the money was never made. The allegations

of the petition requesting judgment are, in effect, a demand. Further, the requirement of the existence of a demand was not an element of the former crime of embezzlement (K.S.A. 21-545 [Corrick]; see *State v. Stout,* 175 Kan. 414, 416, 264 P.2d 1056 [1953]), or its modern day equivalent of obtaining or exerting unauthorized control over property (K.S.A. 21-3701[a]; see *State v. Rios,* 246 Kan. 517, 527, 792 P.2d 1065 [1990]).

Because we conclude that an embezzlement was in fact proved, we reach the difficult issue of whether Souter must be considered "any person" under K.S.A. 59-1704 and the judgment automatically doubled.

The interpretation of a statute is a question of law. *Todd v. Kelly,* 251 Kan. 512, 515, 837 P.2d 381 (1992). " 'The function of the court is to interpret the statutes, giving the statutes the effect intended by the legislature.' " 251 Kan. at 515.

"Legislative intent is to be determined from a consideration of the entire act, and effect must be given, if possible, to the entire act and every part thereof." *Director of Property Valuation v. Golden Plains Express, Inc.,* 13 Kan. App. 2d 48, 49, 760 P.2d 1227 (1988).

Under the definitions in Article 1 of the Probate Code, K.S.A. 1992 Supp. 59-102(4) states: " 'Person' as applied to fiduciaries, include banks and other corporations authorized by law to act in a fiduciary capacity in this state." K.S.A. 1992 Supp. 59-102(3) states: " 'Fiduciary' "includes personal representatives, trustees and surviving partners administering their trusts."

Our Supreme Court in *Koch v. Merchants Mutual Bonding Co.,* 211 Kan. 397, 401-03, 507 P.2d 189 (1973), recognized 59-1704 as a civil, not a criminal, statute and held the penalty imposed thereunder is a redress of a civil wrong and not a fine. The statute was held to be of an exemplary character, and a surety was held not liable under its bond for payment of double the value of the property converted by its principal. This holding requires that K.S.A. 59-1704 must be strictly rather than broadly construed.

Our court most recently examined the provisions of K.S.A. 59-1704 in *In re Trusteeship of McDonald,* 16 Kan. App. 2d 293, 295, 822 P.2d 637 (1991), stating:

"Prior to legislative change in 1939 (L. 1939, ch. 180, § 134), when the now-pertinent provisions of K.S.A. 59-1704 were enacted, G.S. 1935, 22-912 had provided that:

'If any executor or administrator shall neglect to sell any portion of the personal property which he is bound by law to sell, and retains, consumes or disposes of the same for his own benefit, he shall be charged therewith at double the value affixed thereto by the appraisers.'

Thus, the earlier statutory double liability for conversion provision was, on its face, applicable to executors and administrators. In contrast K.S.A. 59-1704 directs the imposition of double liability upon 'any person' who has engaged in the conduct proscribed, that is, conversion of 'personal property of a decedent or conservatee.' "

Although the trustee was deemed to be "any person," the court found that funds in a testamentary trust representing a part of the distributive share of a trust that were converted by the trustee were not personal property of a decedent so as to subject the trustee to the provisions of K.S.A. 59-1704.

Our court's opinion in *In re Estate of Engels*, 10 Kan. App. 2d 103, 108, 692 P.2d 400 (1984), equated "person" to "fiduciary" when it held that "[u]nder the provisions of 59-1704, once a conversion by a fiduciary is found, the fiduciary 'shall be liable' for double the amount converted. The legislature's use of the word 'shall' indicates to us that the penalty is mandatory." It is important for our consideration that the *Engels* conversion occurred during the tenure of the assessed party's service as the executor and special administrator of the estate.

A similar situation existed in *In re Conservatorship of Marcotte*, 243 Kan. at 195, where the assessment was held to be mandated against the court-appointed and acting co-conservators. The assessment has thus been prohibited in cases where the funds were not personal property of a decedent (*McDonald*) but allowed for the actions of a conservator (*Marcotte*) and executor and special administrator (*Engels*).

An examination of Article 17, chapter 59 of the Kansas Probate Code shows it contains provisions applicable to all estates, with most of the sections referring specifically to fiduciaries. For example, rules relating to corporate fiduciaries are found in K.S.A. 1992 Supp. 59-1701; the fiduciary oath is set forth in K.S.A. 1992 Supp. 59-1702; fiduciary duties are detailed in K.S.A. 59-1703;

and provisions governing nonresident fiduciaries are set forth in K.S.A. 59-1706, K.S.A. 1992 Supp. 59-1707, and K.S.A. 59-1708.

K.S.A. 1992 Supp. 59-1715 allows the personal representative of the estate of a decedent or conservatee, with court approval, to make a conveyance or lease which the deceased or conservatee was legally bound to make, or to purchase real property when the deceased was legally bound to do so. K.S.A. 59-1704 doubles liability for conversion or embezzlement of a decedent's or conservatee's personal property. These two provisions do not contain the word "fiduciary," but the rest of Article 17 expressly refers to fiduciaries. The statutory definition of a "representative" states it includes "executors, administrators, administrators with will annexed, administrators *de bonis non,* conservators and guardians." K.S.A. 1992 Supp. 59-102(2).

Bartlett recognized that the predecessor to K.S.A. 59-1704 applied only to executors and administrators, but that the present law extends liability to any person and includes the estates of wards as well as the estates of decedents. 2 Bartlett's Kansas Probate Law and Practice § 973 (rev. ed. 1953). See K.S.A. 59-1704, Judicial Council note ("Extends former law to any person.").

According to 1 Bartlett's Kansas Probate Law and Practice § 32, pp. 30-31 (rev. ed. 1953):

"[T]he word 'fiduciary' has a broad meaning and is not necessarily limited to the terms contained in probate section 59-102; it may, if occasion requires, be construed to include anyone appointed by, or under the control of, or accountable to the probate court, and either acting in a fiduciary capacity for another, or charged with duties in relation to any property, interest, trust, or estate for the benefit of another."

Under the facts of this case, the relationship of Souter to Bolton might be deemed a fiduciary one, but it also may be characterized as that of coconspirators who were endeavoring (at Bolton's instigation and instance) to thwart the effect of an expected conservatorship and establish a separate emergency fund for Bolton's use unknown to a conservator.

Souter obviously is a person, but she was not Bolton's conservator, nor did she obtain dominion over his property at a time she was operating under the control of the district court.

Bolton was not a conservatee at the time he transferred the property to Souter, although the appointment had been completed before Souter finished the expenditure of Bolton's money.

Giving K.S.A. 59-1704 the strict construction that we are required to give a statute penal in nature, we decline to apply it in a situation in which the proposed conservatee was attempting to hide assets for his future emergency use.

K.S.A. 59-1704 is a part and portion of the Kansas Probate Code. We hold it is improper to widely apply its provisions to instances where the involved individual is not an appointee of the district court and the assets in question are not under the control of a court-appointed conservator, executor, or administrator.

Affirmed.