Mack Smith, Executive Secretary State Board of Mortuary Arts 700 S.W. Jackson St., Suite 904 Topeka, Kansas 66603-3758
Dear Mr. Smith:
As Executive Secretary of the Kansas State Board of Mortuary Arts you request our opinion whether, pursuant to K.S.A. 1996 Supp. 65-2422(g), it is legal for copies of an original or certified copy of a death certificate to be made by a business (i.e. a funeral home) for business purposes. You ask whether it would make any difference if the copy were not represented as anything other than a copy.
K.S.A. 1996 Supp. 65-2422d(g) provides:
 "No person shall prepare or issue any certificate which purports to be an original, certified copy or copy of a certificate of birth, death or fetal death, except as authorized in this act or rules and regulations adopted under this act."
We note that the Kansas Department of Health and Environment has not implemented any rules and regulations authorizing copying such certificates.
K.S.A. 1996 Supp. 65-2422d(g) is part of a model uniform act, and has been adopted by at least 12 other states. There are, however, no reported cases interpreting this provision in any of the states. There are two attorneys' general opinions from other states. In both Arizona Attorney General Opinion No. I90-33 (1990) and 1986-87 Virginia Attorney General Opinion No. 214 it was concluded that this provision, as applied in the respective states, prevented photocopying of the certificates. The Virginia Attorney General used his opinion to call on the Virginia Legislature to amend the statute to permit reasonable copying of certificates.
The Virginia Attorney General relied, in part, upon the Virginia State Registrar's interpretation of Virginia's statute in reaching the conclusion that copying is prohibited. The Kansas Department of Health and Environment (KDHE), in a letter from Linda Fund dated December 3, 1997, states that it is KDHE's interpretation that K.S.A. 1996 Supp.65-2422d prohibits all photocopying of such certificates, even for retention as a business record. While it is true that an administrative agency's interpretation of law is given deference by courts, the agency's interpretation is not conclusive. See Boatright v. Kansas Racing Comm'n, 251 Kan. 240 (1992).
K.S.A. 65-2434(3) provides:
 "Except where a different penalty is provided in this section, any person who violates any of the provisions of this act or neglects or refuses to perform any of the duties imposed upon such person by this act, shall be fined not more than $100."
The fact that there is a penalty for violation of K.S.A. 1996 Supp.65-2422d(g) means it is a penal statute. Penal statutes, even those not providing for imprisonment, require strict construction. See Bolton v. Souter, 19 Kan. App. 2d 384, 388 (1993). In interpreting this statute, even applying strict construction, we are mindful that our primary goal should be to determine the Legislature's intention.
K.S.A. 1996 Supp. 65-2422d(g) was added to the then current version of the statute in L. 1974, Ch. 352, § 129. In testimony before the House Committee on Governmental Organization, Irvin G. Franzen, the State Registrar and Director of Registration and Health Statistics explained the purpose of this provision:
 "This would help to control the issuing of copies locally before they have been duly completed, transmitted and processed, and would protect the public against being provided with copies that don't show the seal or proper certification and therefore are not accepted by passport officials nor by many governmental agencies that carefully examine certified copies. This provision is also in accordance with the recommendations of the Model Uniform Act." Minutes, House Committee on Governmental Organization, Feb. 15, 1974, Attachment 1.
Essentially Mr. Franzen was saying that the purpose is to insure that copies of such certificates are complete and unaltered when they are presented for legal purposes.
What is prohibited by the language of the provision is "preparing or issuing any certificate which purports to be . . . [a] copy." The American Heritage Dictionary, Second College Edition (1991) defines purport as follows: "To have or present the appearance, often false, of being or intending. . . ."
In reaching their conclusions, neither the Virginia Attorney General nor the Arizona Attorney General applied the rule of strict construction. Applying strict construction and what appears to have been the Legislature's intent, we believe that so long as a photocopy does not purport to be a reliable copy, there has been no violation of K.S.A. 1996 Supp. 65-2422d(g). This could be accomplished by stamping the word "void" or the phrase "not a reliable copy" across the face of the copy. This would allow it to be used for business record retention purposes, while warning any other persons who see the certificate that they should not accept it as reliable.
We note that Ms. Fund informs us that by the end of the year KDHE will be issuing all certificates on a type of safety paper which, when copied, will cause the word "void" to appear on the copy's face. While we have not viewed this safety paper and have not seen a copy made from it, it may be that this will be sufficient to prevent any violation of law when copying a certificate for business records purposes.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm