COMMONWEALTH *vs.* WILLIAM SEELEY.

SAME *vs.* CARRIE HALL.

Berkshire.    September 8, 1896. — November 24, 1896.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Adultery — Indictment — Trial — Identity — Name — Variance.*

It is within the power of the Superior Court to order, in its discretion, that two persons, who have been indicted separately, each for adultery with the other at the same time and place, shall be tried together without their consent.

A. was indicted for adultery with B., and B. was indicted separately for adultery with A., the time and place named in each indictment being the same. The two cases were tried together without the consent of the defendants, and a bill of exceptions alleged at the trial stated that " it did not appear of record, otherwise than from the names, dates, etc. in the indictments, that the adultery charged was between the same persons and at the same time, but the district attorney stated that to be the fact, and it so appeared in evidence." *Held,* that it sufficiently appeared that the parties in both instances were the same, and that the offence with which each was charged was committed at the same time and place.

That " W. H. S." is indicted as " W. S." is not a variance which will prevent conviction of the offence charged, if the evidence shows that he is commonly called and as well known by the name used in the indictment as by his true or full name.

Two INDICTMENTS, for adultery. The first indictment alleged that " William Seeley," on November 20, 1895, at New Marlborough, committed adultery with " Carrie Hall," she being a married woman and having a lawful husband alive. The second indictment alleged that " Carrie Hall," at the same time and place named in the first indictment, committed adultery with " William Seeley."

In the Superior Court, before *Sherman,* J., when the cases were in order for trial, the District Attorney moved that they be tried together, stating that the witnesses in each case would be the same. The defendants each objected, and, after hearing, the judge stated that he would order the trial to proceed upon both indictments, but that if at any time it appeared that either defendant would be prejudiced by being tried with the other, at the request of counsel he would order the cases to be

separated.   Thereupon the trial proceeded to a verdict, without suggestion or request for separate trials.

It did not appear of record, otherwise than from the names, dates, etc. in the indictments, that the adultery charged was between the same persons and at the same time, but the District Attorney stated that to be the fact, and it so appeared in evidence.

There was evidence on behalf of the defendants tending to show that the true and full name of the male defendant was " William Henry Seeley," and that of the female defendant " Carrie Belle Hall," and on behalf of the government, that they were each commonly called and as well known by the names in the indictments as by their true or full names.

The defendants each asked the judge to direct a verdict of not guilty by reason of a variance, but the judge refused so to do, and submitted the cases to the jury, under instructions not objected to.

The jury returned a verdict of guilty against each defendant; and they alleged exceptions.

*C. H. Wright*, for the defendant in the first case.

*H. C. Joyner*, for the defendant in the second case.

*C. L. Gardner*, District Attorney, for the Commonwealth.

MORTON, J.   In *Commonwealth* v. *Bickum*, 153 Mass. 386, it was held that two complaints against the same defendant charging him with two distinct offences could not be tried together against his objection.   This case presents a different question, namely, whether the court could in its discretion direct that the two defendants, who had been indicted separately, each for adultery with the other at the same time and place, should be tried together without their consent.

The power of the court to regulate the conduct of causes before it with a view to the proper despatch of business and the interests of parties and others is undoubted, and is not, we think, abridged, because in a case like the present the grand jury for some reason has seen fit to indict the defendants separately, unless its exercise will interfere with substantive rights belonging to one or both of the defendants.

It is objected that by trying the two cases together the Commonwealth would have four challenges out of one panel, whereas

if the two cases were tried separately it would have only two out of one panel. But the defendants also would have four challenges out of one panel; *Commonwealth* v. *Walsh*, 124 Mass. 32, 38; and if they were not able to agree upon the challenge, or if one challenged where the other would prefer not to, they would be subjected to no greater disadvantage than they would have been liable to be subjected to if they had been jointly indicted and had been refused separate trials. It is settled that in such a case the mere fact that a joint trial may prejudice the defendants somewhat in the exercise of their rights of challenge is not a sufficient reason for directing separate trials. *Commonwealth* v. *James*, 99 Mass. 438. *United States* v. *Marchant*, 12 Wheat. 480. *Regina* v. *Blackburn*, 6 Cox C. C. 333. It does not appear whether the Commonwealth or the defendants challenged any jurors, and, if so, how many, or whether, if the defendants challenged any jurors, there was any disagreement between them in respect to the challenges.

It is also objected that the defendants, having been indicted separately, had a right to expect that they would be tried separately, and to prepare their cases accordingly; that, in a joint trial, evidence admissible against one but not against the other might cause harm to the party against whom it was inadmissible; that the manner in which one defence was conducted might prejudice the other party's defence; and that in other respects the consolidation of the two cases might interfere with a full and fair trial on the part of one defendant or the other.

These are considerations which properly might have influenced the court to refuse to order the two cases to be tried together, but do not, we think, show that its direction that they should be so tried was wrong.

Where, for instance, parties have been jointly indicted, it has been held that the fact that there was evidence which was competent against one or more, but not against others, did not require that the trials should be separated. *Commonwealth* v. *Bingham*, 158 Mass. 169. *Commonwealth* v. *Miller*, 150 Mass. 69. In civil actions the court may direct cases depending on substantially the same facts to be consolidated, notwithstanding that there are different plaintiffs or different defendants, and

that there may be some evidence which is not applicable to all of the cases, and may also direct one to be made a test case, and not suspend the others to await its determination. *Commonwealth* v. *Miller, ubi supra. Bennett* v. *Bury,* 5 C. P. D. 339. *Amos* v. *Chadwick,* 4 Ch. D. 869 ; *S. C.* 9 Ch. D. 459. If there is any danger that evidence admissible for one purpose, or against one or more parties, but not against others, will be perverted to another purpose, or will operate to the prejudice of another party, or that a joint trial will interfere with a full and fair presentation of their case on the part of any of the defendants, it is within the power of the court to correct this, or to sever the trials, and it is to be presumed that it will do so. In the present case the court stated " that if at any time it appeared that either defendant would be prejudiced by being tried with the other, at the request of counsel he would order the cases to be separated." No such request was made, either, it may be inferred, because nothing occurred which counsel deemed sufficient to justify them in making it, or because they preferred to rest on their exception to the order that the two cases should be tried together.

The Commonwealth has produced no precedent in this State for the course that was pursued, though there are precedents elsewhere, which were referred to in *Commonwealth* v. *Bickum, ubi supra,* and were not approved, which go farther than would be necessary to sustain the course that was adopted here. The reasons which led the court to order the two cases to be tried together are not before us. It is to be presumed that they were sufficient, and that the discretion of the court was properly exercised. We cannot say that the order was not, as matter of law, within its power.

It sufficiently appears, we think, that the parties in both instances are the same, and that the offence with which each is charged was committed at the same time and place.

The evidence that both defendants were each commonly called and as well known by the names in the indictments as by their true or full names was sufficient to warrant their conviction. *Commonwealth* v. *Warren, ante,* 53. *Commonwealth* v. *Trainor,* 123 Mass. 414. *Commonwealth* v. *Desmarteau,* 16 Gray, 1, 17.          *Exceptions overruled.*