The State v. Appleton.

THE STATE OF KANSAS v. F. T. APPLETON.

No. 13,976. ˙(78 Pac. 445.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Information* — *Christian Name.*   Where one is charged in an information as F. T. Appleton, and the information does not state that the appellant's full name is unknown to the pleader, it is not error to overrule a motion to quash the information because the full Christian name is not stated.

2. ———— *Instructions Not Erroneous.*   Instructions examined, and found to state the law correctly.

Appeal from Rush district court; CHARLES E. LOB-DELL, judge.   Opinion filed November 5, 1904.   Affirmed.

*C. C. Coleman,* attorney-general, and *J. W. McCormick,* county attorney, for The State.

*S. I. Hale, G. P. Cline,* and *David Ritchie,* for appellant.

The opinion of the court was delivered by

GREENE, J. : The appellant appeals from a conviction of murder in the first degree. The first error alleged is the overruling of his motion to quash the information because of its alleged indefiniteness and uncertainty as to the person charged. The charge is against F. T. Appleton. It is argued that the letters "F. T." are only the initials of appellant's full Christian name, that there is no statement in the information that the pleader did not know appellant's Christian name, and, therefore, the motion to quash should have been sustained. There was no evidence offered on the hearing of the motion, or at any step in the trial, to show that appellant had any other name than the one under which he was charged. If it had been shown that he was not charged under his full Christian name, the state might have shown that he was known as well by the name of "F. T. Appleton" as any other. Where one is equally well known by two or more names, he may be indicted under either. (*State v. Dresser*, 54 Me. 569 ; *Commonwealth v. Jacobs*, 152 Mass. 276, 25 N. E. 463 ; *Commonwealth v. Seeley*, 167 id. 163, 45 N. E. 91 ; 10 Encyc. Pl. & Pr. 595.)

The appellant's defense was self-defense. He predicates error on the giving of these instructions :

"18. You are instructed that the killing of deceased would be justifiable if done by the defendant in resisting any attempt to murder him, or do him great personal injury, where there was reasonable cause to apprehend a design so to murder or injure the defendant, and immediate danger of such design being accomplished."

"20. In this connection, I instruct you that the defendant was justified in acting upon the circumstances as they appeared to him at the time. And in determining whether or not the defendant took the

The State v. Appleton.

life of deceased under circumstances to render the act justifiable, as hereinbefore explained, you will determine whether or not the circumstances as they appeared to him were such as to lead a reasonable man to believe that there was a design to kill him, or do immediate bodily harm, coupled with immediate danger of such design's being accomplished.''

''22. You are instructed that a city marshal has authority, with or without a warrant, to arrest persons who commit breaches of the peace within his city, and if the persons sought to be arrested resist, or flee, to use such force as may be reasonably necessary under the facts and circumstances to apprehend the offender; but before having a right to resort to such force such officer must use such language and so act as to make clear to the offender his intention then and there to take him into custody.

''23. I instruct you, as a matter of law, that a person who, on the public streets of a city, in the presence of several persons, applies to another vile epithets, with the intention of annoying, offending and disturbing such person, commits a breach of the peace.''

His contention is that by instructions 18 and 20 the jury were informed that, before one is justified in resisting a felonious assault to the extent of taking the life of his assailant, there must be reasonable cause to apprehend a design to murder him, or do him great personal injury, and that the immediate danger of such design's being accomplished must exist in fact. Instruction 18 is a statement of abstract law, and instruction 20 is an application of the principles there announced to the case on trial. By the latter the jury were instructed that one upon whom a felonious assault is made is justified in acting in his own defense upon the facts as they reasonably appear to him, provided the circumstances, as they appear to him, are such as to lead a reasonable man to believe that

there is a design on the part of his assailant to kill him, or to do him great bodily injury, and that there is immediate danger of such design's being accomplished. The contention of appellant is not warranted by a fair interpretation and reading of the instructions. They correctly state the law, and in such a way as to make it reasonably certain that the jury could not have been misled.

The error alleged in regard to instruction 22 is that it states that a police officer may, without a warrant, arrest one for the supposed commission of an offense. Appellant contends that such an officer can only arrest without a warrant when the offense for which the arrest is being made was committed in his presence. Conceding this to be the law, and that in this respect the instruction is erroneous, is it prejudicial? The offense, if one was committed, for which it is alleged the policeman was attempting to make the arrest at the time of the homicide, was committed in the presence of the officer, and no question of the right of a police officer to make an arrest without a warrant for an offense not committed in his presence was involved.

The objection to instruction 23 is not specifically stated. It is, however, a correct statement of the law. One who applies vile epithets to another in a public street, in the presence of bystanders, with the intention of annoying and disturbing such person, commits a breach of the peace. That is all that the instruction contains.

It is suggested that the court erred in refusing to give instructions asked by appellant, numbered from 1 to 8, inclusive. Our attention has only been called specifically to one of such instructions, and upon examination we find that the principle of law stated

*In re* Rex.

therein was correctly given in an instruction prepared and given by the court.

We cannot enter upon an investigation of the evidence further than to ascertain if there was some substantial evidence to sustain all the material allegations of the information.   We cannot weigh and determine upon which side it preponderates.   An examination of the record leaves no doubt in our minds that there was evidence to support every material fact necessary to sustain the charge in the information. While we might not have arrived at the same conclusion, it was the exclusive province of the jury to weigh and determine all questions of fact.   Under the rule stated, their conclusion must be final.

The judgment of the court below is affirmed.

. All the Justices concurring.