No. 45,189

STATE OF KANSAS, *Appellee*, v. CHARLES E. SATTERFIELD, *Appellant*.

(449 P. 2d 564)

Opinion filed January 25, 1969.

*William J. Spriggs,* of Wichita, argued the cause and was on the briefs for the appellant.

*R. K. Hollingsworth,* Deputy County Attorney, argued the cause, and *Robert Londerholm,* Attorney General, *Keith Sanborn,* County Attorney, and *James W. Wilson,* Deputy County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an appeal in a criminal action wherein the appellant-defendant was tried by a jury and convicted of robbery in the first degree (K. S. A. 21-527). Having had one prior felony conviction the defendant was sentenced under the Habitual Criminal Act for a term of not less than twenty nor more than forty-two years (K. S. A. 21-530 and 21-107a).

The only substantial question presented is whether the evidence is sufficient to sustain the verdict.

The evidence establishes that a man with a pistol or revolver in his hand entered the Jack Wheeler Grocery Store in Wichita at about 8:50 p. m. on January 14, 1967, and took $95 from the cash register. Jack Wheeler, owner of the store, his wife and two employees, Leroy Brown and Joe Davis, were in the store at the time. Wheeler testified that he was working in his store with his wife when he heard her yell for him. When he looked up he saw a man with a gun in his hand. Wheeler picked up a meat cleaver

but made no attempt to use it. He testified his wife had left the cash drawer open when she was ordered away from the cash register by the man with the gun who scooped up the money and left by the front door. Wheeler followed the man out of the store and observed him going down the street, saw him fall down and roll over and get up and continue on. Wheeler further testified the gun appeared to be a .22 caliber short barrel, black, cylinder type. He observed that the hammer was not cocked at the time of the robbery. Wheeler testified that the man was not disguised at the time of the robbery and identified defendant the same night of the robbery in a police lineup. Wheeler testified that his identification of defendant in court and at the lineup was positive.

Davis, a meat cutter at the store, testified that he also heard Mrs. Wheeler yell at approximately 8:50 p. m. that evening; that he observed a man with a gun, which he thought was a .22 caliber pistol, the man took the money and left by the front door. Davis further testified that at the time of the holdup he was told to lie down on the floor. He identified the defendant at the police station lineup on the night of the robbery and also made an identification of defendant in the courtroom.

Brown, a butcher at the store, corroborated Wheeler's testimony. Brown also identified defendant in court and at the police station lineup. On cross-examination Brown conceded that he did not know if the gun was capable of firing.

William A. Cornwell, a detective for the Wichita Police Department, testified that he arrested defendant at 10:45 p. m. on the night in question at 2023 North Volutsia, which was later identified as defendant's home. Cornwell was present at the police lineup and testified as to the circumstances and identifications made by Wheeler, Davis and Brown. He further testified that when defendant was arrested a lady named Bernice who was present said that defendant had been there all evening except when he left to go to a liquor store about 9 p. m. Cornwell also stated that 2023 North Volutsia is about twenty-five blocks from the Wheeler store.

Although he filed no plea of alibi, defendant claims he could not have been at the store at the time of the robbery. He took the stand in his own behalf. He admitted two previous convictions of robbery but denied his guilt in the instant case. He testified that he was employed and had been paid on the day in question. In his first appearance on the witness stand, defendant testified that

during the evening in question he was at his residence about twenty-five blocks from Wheeler's store; that he left about 9 p. m. to go to a liquor store about three blocks away; and that he had no automobile available to him. He further testified that he had never owned a gun; that he did not have one in his possession on January 14, 1967; and that he had never been in Wheeler's Grocery Store on the date in question.

Defendant called Kenneth W. Hadley who testified that he arrived at defendant's residence about fifteen to twenty minutes before the police; that defendant was there when he arrived; and that he saw defendant arrested.

In rebuttal the state called Willie L. Truitt who testified he was at the home of Mr. and Mrs. Clarence Scott, located about two blocks from the Wheeler store, at about 7 or 7:30 p. m., on the evening in question, when defendant came there and that defendant was there about thirty minutes.

The state also called as a rebuttal witness Jacqueline Bryant who testified that she was at the Scott home on the evening in question; that defendant was there; and that she and her husband took defendant to his home on North Volutsia and enroute they observed police cars at Wheeler's store.

In surrebuttal defendant called Mr. and Mrs. Scott who testified that defendant came to their house at 1212 Wabash at about 7:30 or 8:00 p. m. and offered to pay back some money that he owed Mr. Scott.

Defendant was recalled in his own behalf and admitted that on the evening in question he was at Scott's home on Wabash and that the Bryant's took him from Scott's to his home on North Volutsia.

By its verdict it is apparent the jury rejected the testimony of defendant and his witnesses and adopted that of the state's witnesses.

The trial court approved the verdict and overruled defendant's motion for a new trial. It was the function of the jury and the trial court to pass upon the credibility of witnesses and the weight to be given to the evidence.

In discussing the scope of review by this court on appeal it has been repeatedly stated that in criminal prosecution it is first the function of the jury and then that of the trial court after verdict to determine what facts are established by the evidence. Before a

verdict, which has been approved by the trial court, may be set aside on appeal on the ground of insufficiency of evidence it must be made to clearly appear that upon no hypothesis whatever, is there sufficient substantial evidence to support the conclusion reached in the trial court. (*State v. Scoggins*, 199 Kan. 108, 427 P. 2d 603; *State v. Walker*, 198 Kan. 14, 422 P. 2d 565; and *State v. Shaw*, 195 Kan. 677, 408 P. 2d 650.)

In the instant case the testimony of defendant and his witnesses, by which defendant attempted to show that he could not have been at the store at the time of the robbery, is refuted by the positive identification of the state's three eyewitnesses.

The claim of defendant as to his whereabouts at the time of the robbery is further disputed by the state's witness Jacqueline Bryant who fixed the time of defendant's return to his residence as subsequent to the robbery, since police cars were observed at the store while the Bryant's and defendant were enroute from Scott's to defendant's residence.

The conflicts in the evidence have been resolved by the jury and we hold there was sufficient substantial evidence to support the verdict of guilty.

The judgment is affirmed.