No. 45,240

State of Kansas, *Appellee,* v. Donald Eugene Cippola, *Appellant.*

(451 P. 2d 199)

Opinion filed March 8, 1969.

*James C. Thompson* and *Anthony R. Russo,* of Kansas City, argued the cause, and *William R. Chambers,* of Kansas City, was with them on the brief for appellant.

*James A. Wheeler,* assistant county attorney, and *James W. Bouska,* county attorney, argued the cause, and *Kent Frizzell,* attorney general, was with them on the brief for the appellee.

The opinion of the court was delivered by

Fatzer, J.: The appellant was convicted by a jury of the crime of grand larceny (K. S. A. 21-533) and given a lengthy sentence in the Kansas State Penitentiary pursuant to the Kansas Habitual Criminal Act. (K. S. A. 21-107a.) He has appealed, and asserts that during the trial of his case the district court committed error prejudicial to his substantial rights.

The appellant is hereafter referred to as the defendant.

Evidence introduced by the state showed that on the evening of July 27, 1967, the defendant, Donald Eugene Cippola, was in the Mission Shopping Center in Johnson County, Kansas, at a time when Jerry Pike of the Mission police department was cruising slowly in his patrol car through the parking lot of the shopping center. Pike noticed a dark blue Thunderbird automobile and a young man loitering about the car. He stopped to watch the activities about the Thunderbird. He saw the defendant come from the Parkview Drug Store with a suit coat draped over his right shoulder, and

proceed to the Thunderbird, open the trunk, bend down and drop some items into it and then close the trunk. The defendant spoke briefly to the young man loitering about the car and proceeded back into the drug store. At that time Pike confronted the young man loitering near the car and after a few words between the two, the young man ran out of the parking lot, up the hill, and onto the highway. At about the same time, the defendant came back out of the drug store with the suit coat still draped over his right shoulder, and started toward the Thunderbird. Pike called to the defendant, and he immediately turned and started walking away from the Thunderbird. Pike testified he got out of the patrol car and tried to catch up to where the defendant was when the phonograph records started hitting the pavement. He did not see them drop but heard them and, because of other cars, was a few seconds in getting around the cars to where he had the defendant in full view and observed the Parkview 88 price tagged records lying on the parking lot within three or four feet of the defendant. No one else was in the immediate vicinity of the defendant when Pike saw him and no other persons were observed in the area where the records were lying on the pavement. Parkview 88 is the number of the drug store owned by Parkview G. E. M., Inc.

Pike took the defendant into custody, summoned help by radio, and several members of the Mission police department arrived shortly. Pike directed the officers to gather up the records and take them and the defendant to the Mission police department. Upon Pike's arrival at the police department he marked the records and shortly thereafter took the defendant and the records to the Johnson County jail where the defendant was turned over to Detective John Waner of the Johnson County sheriff's office. Waner marked the record albums and put them in the property room of the sheriff's office.

Prior to conversing with the defendant, Waner fully advised him of his constitutional rights. In a conversation with Waner, the defendant asked him if the case could be "fixed," the charges reduced, or the record albums destroyed. At no time during that interview or any other interview did the defendant offer or was he able to produce a sales slip showing he had purchased the records, or show he was authorized to remove the records from the Parkview 88 Drug Store.

Meanwhile Pike impounded the Thunderbird for the purpose of obtaining a search warrant to search the trunk of the car. A search

warrant was obtained and executed the following morning and similarly price-tagged record albums from the Parkview 88 Drug Store were found in the trunk.

The evidence showed the normal procedure for the sale of records at the drug store was that the top half of the price tag of each record album was removed and placed in the cash register and, if there were a large quantity sale of record albums, a box and shopping cart would be called for and all of the records packed in the box and help given to deliver them to the purchaser's automobile. There was no evidence of any such procedure being followed on the evening of July 27, 1967. The ignition key to the Thunderbird was found on the defendant's person and every record album introduced into evidence contained the same full price tag, that is, the top half of the price tag had not been removed as a cash purchase pursuant to the Parkview 88 rules and procedure. The evidence further disclosed that the defendant had four prior similar convictions in the state of Missouri. No witnesses were called by the defendant, nor did he take the witness stand to testify in his own behalf.

The defendant first contends the district court erred in overruling his motion for a directed verdict and in approving the jury's verdict of guilty over his objection that proof of the *corpus delicti* was not established beyond a reasonable doubt. The point is not well taken. The *corpus delicti* may be proved by the direct testimony of persons who saw the act, or by indirect and circumstantial evidence, or partly by one and partly by the other. No exclusive mode of proof of the *corpus delicti* is prescribed by law. Circumstantial evidence is sufficient, if strong and cogent, if it excludes every hypothesis other than guilt and leaves no room for reasonable doubt. (*State v. Doyle,* 201 Kan. 469, 478, 441 P. 2d 846.)

We are not predisposed to restate the evidence, but it may be said all the evidence pointed to the fact that the record albums in question were the property of Parkview 88; that the defendant had not been authorized to remove them from the store without paying for them; that the value of the record albums was more than $50; that the defendant came from the drug store on a hot summer night with his suit coat draped over his shoulder in such a way that it would cover any record albums hid under his arm; that he returned to the store with the coat still draped over his shoulder rather than leaving it in the Thunderbird, and again came out of the store, and when approached by Pike, he walked away from the Thunderbird

and in a short distance dropped the records where they were found within three or four feet from where he was standing. Considering all the facts and circumstances, it may be said the district court did not err in overruling the defendant's motion for a directed verdict and in approving the jury's verdict of guilty. When considering the sufficiency of circumstantial evidence to sustain a criminal conviction, the function of this court is limited to ascertaining whether there is a basis in the evidence for a reasonable inference of guilt. In *State v. Satterfield*, 202 Kan. 395, 449 P. 2d 566, it was held:

"Before a verdict of guilty which has been approved by the trial court may be set aside because of insufficiency of evidence, it must clearly be made to appear that upon no hypothesis whatever is there substantial evidence to support the conclusion reached in the lower court." (Syl. ¶ 3.)

See, also, *State v. Satterfield*, 202 Kan. 391, 449 P. 2d 564.

It is next contended the district court erred in overruling the defendant's motion to declare a mistrial, based upon his claim that the assistant county attorney made certain inflammatory statements in his closing argument to the jury. In the defendant's closing argument to the jury, one of his counsel stated, ". . . and I submit to you that Mr. Wheeler, when he introduced Exhibits No. 10 and 11 (authenticated copies of prior judgments of conviction), was trying to incite you just like the detectives were incited, *that you would say this is the man from the Mafia, he is stealing 36 long-playing records. He is a big-time gambler, and we are going to put him away. . . .*"

In his closing argument to the jury the assistant county attorney responded, "I don't know whether this man is a member of the Mafia, and I don't intend to say one way or another. That is invading your province to determine that. . . ." Counsel for the defense did not object to the prosecutor's statement regarding the Mafia, but objected a few moments later to the prosecutor's remarks regarding the effect of the exhibits showing the defendant's prior convictions. Upon objection, the district court stated: "Members of the jury, you are admonished to disregard the last remarks of counsel for the state and are directed to give the same no consideration." The court further admonished the jury that statements of counsel are not evidence and are not to be considered by it as evidence and directed counsel for the state to proceed with his argument. There is no error here. In *State v. Magee*, 201 Kan. 566, 441 P. 2d 863, it was said:

"The law in this respect is quite clear. There is no prejudicial error where the questionable statements of a prosecuting attorney are provoked and made in response to previous arguments or statements of defendant's attorney. (*Montgomery v. Commonwealth*, [Ky.] 346 S. W. 2d 479; *Pace v. State*, 171 Tex. Cr. App. 219, 346 S. W. 2d 339; *Patterson v. State*, 170 Tex. Cr. App. 84, 416 S. W. 2d 816.)" (l. c. 570.)

It is next contended the district court erred in overruling the defendant's motion to quash the information upon the defendant's claim that it had no jurisdiction to try him because the evidence introduced by the state at the preliminary examination did not establish that a crime had been committed. During oral argument on the motion, counsel submitted to the district court the transcript of the preliminary examination and contended certain statements made by the state's witnesses showed no crime was committed. It should be stated that following the preliminary examination, the examining magistrate found that a crime had been committed and there was probable cause to believe the defendant guilty of its commission.

The defendant was arraigned on October 11, 1967, and entered a plea of not guilty. His motion for continuance over the term was overruled and the case was set for trial to commence October 23. On the defendant's application the court granted a ten day continuance of the trial, until November 2, 1967, at which time counsel filed the motion to quash the information. In *State v. McCarther*, 196 Kan. 665, 414 P. 2d 59, it was held:

"A motion to quash or dismiss an information does not raise an issue of the lack or the sufficiency of a preliminary examination since such a motion reaches only some defect apparent on the face of the information." (Syl. ¶ 2.)

In *State v. Cook*, 193 Kan. 541, 393 P. 2d 1017, it was held that extrinsic evidence, such as was offered by counsel for the defendant, cannot be resorted to for the purpose of establishing the insufficiency of an information. Moreover, the defendant was required to raise the question of the sufficiency of the preliminary examination prior to arraignment by filing a plea in abatement, but no plea in abatement was filed. (*State v. McCarther*, supra.) See, also, *State v. Schroeder*, 201 Kan. 811, 443 P. 2d 284, and *State v. Jones*, 202 Kan. 31, 39, 446 P. 2d 851.

The defendant asserts the district court erred in admitting into evidence state's Exhibits 11 and 12 without further evidence to show identity of defendant with the person named as the defendant in each exhibit. Exhibit 11 was a duly authenticated copy of the con-

victions of Donald Eugene *Cipolla* of the crimes of robbery in the first degree and grand larceny of an automobile on January 6, 1954, in cases Nos. 850 and 851, respectively, in the Circuit Court of Montgomery County, Missouri. Exhibit 12 was the duly authenticated copy of three separate convictions of Donald *Cipolla* of the crimes of stealing over $50 and stealing under $50 on June 18, 1962, and March 7, 1966, respectively, in the Circuit Court of Jackson County, Missouri, cases Nos. C-31878, C-31816, and C-34666. The authenticated copies of such convictions showed that Donald *Cipolla* upon advice of his attorney entered his plea of guilty to each of the crimes charged against him. We think the district court did not err in admitting the exhibits.

The minor difference in the spelling of the last or surname of the defendant as charged in the information in the instant case as "Donald Eugene *Cippola*" and the name of the defendant which appears on Exhibits 11 and 12 as Donald Eugene *Cipolla* and Donald *Cipolla* is an immaterial variance, the first and middle names being identical and the last name *idem sonans* so proof beyond such identity of names did not render the exhibits inadmissible. Generally speaking, the lack of identity of christian name or initials, in the absence of other proof, raises no presumption of identity of a person. (*State, ex rel., v. Dunn,* 118 Kan. 184, 190, 235 Pac. 132, and cases cited.) However, a finding of identity is not precluded by a minor difference in the spelling of the surname or the family name, if the names are *idem sonans,* or sound alike when pronounced. (Black's Law Dictionary, Fourth Ed., p. 880; 11 A. L. R. 2d 886, § 8.) The doctrine of *idem sonans* has been applied in Kansas criminal law with the effect that minor differences in a surname are held to be immaterial variances. See *State v. Watson,* 30 Kan. 281, 1 Pac. 770; *State v. Gordon,* 56 Kan. 64, 42 Pac. 346; *State v. Johnson,* 70 Kan. 861, 79 Pac. 732, and *State v. Tillotson,* 85 Kan. 577, 585, 117 Pac. 1030, Anno. Cases 13A 463. Under the circumstances which attend, we are of the opinion the district court did not err in admitting the exhibits, and we hold that proof beyond the identity of the name therein was not a necessary part of the state's foundation for their admission in evidence, there being an absence of rebuttal evidence or a denial of identity. (*State v. Appleton,* 70 Kan. 217, 78 Pac. 445.) However, we enter our caveat that better practice would dictate that where the question of the identity of the defendant on trial is raised with respect to his

prior convictions of similar offenses (K. S. A. 60-455), the state should offer evidence showing that the defendant is the same person who was previously convicted.

The defendant next contends the district court erred in overruling his motion to require the state to furnish the addresses and telephone numbers of the witnesses endorsed on the information. The point is not well taken. K. S. A. 62-802 provides in effect that the county attorney shall endorse on the information the *names* of the witnesses known to him at the time the same is filed, and he shall also endorse thereon the *names* of such other witnesses as may afterwards become known to him, as the court may direct. The statute is designed to protect the defendant against being taken by surprise at the trial (*State v. Poulos*, 196 Kan. 287, 411 P. 2d 689, cert. den. 385 U. S. 827, 17 L. Ed. 2d 64, 87 S. Ct. 63), but it makes no requirement that the county attorney shall furnish the addresses or telephone numbers of the witnesses endorsed on the information, and we know of no such requirement.

It is claimed the district court erred in permitting the state to amend the information after the trial had begun so as to show the victim's name as being "Parkview G. E. M., Inc." rather than "Parkview Drugs, Inc." No error was committed. Obviously, the amendment was of form (K. S. A. 62-808) rather than of substance, and clearly did not prejudicially affect the substantial rights of the defendant upon the merits. (K. S. A. 62-1011.) The information as amended continued to allege the property was stolen from the Parkview Drug Store at the same address—4900 Johnson Drive, Mission, Kansas.

K. S. A. 62-1718 provides that on appellate review of criminal prosecutions this court must render judgment without regard to technical errors or irregularities which do not affect the substantial rights of the parties. (*State v. Clift*, 202 Kan. 512, 450 P. 2d 1006.) We have thoroughly reviewed the record and all contentions advanced by the defendant have been carefully studied. It is sufficient to say the record does not affirmatively disclose that the substantial rights of the defendant were prejudicially affected by any of the rulings of the district court, and, further, that the defendant had a fair and impartial trial of the charges alleged against him. The judgment of the district court is affirmed.