No. 48,671

STATE OF KANSAS, *Appellee,* v. MELVIN V. MOODY, *Appellant.*

(576 P.2d 637)

Opinion filed April 1, 1978.

*Jack D. Sage,* of Hershberger, Patterson, Jones & Roth, of Wichita, argued the cause and was on the brief for the appellant.

*Stephen M. Joseph,* special assistant district attorney, argued the cause and *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

McFARLAND, J.: Melvin V. Moody was convicted by a jury of conspiracy (K.S.A. 21-3302) to commit aggravated burglary and aggravated robbery. The information contained thirty counts involving five men. The defendant was charged with a single count of conspiracy and tried separately. This appeal involves only the one count and trial thereon. A sixth man, Ray E. Meeks, was granted immunity, was not charged, and was the primary witness against defendant.

The testimony of Ray Meeks may be summarized as follows: On March 4, 1975, he was present at a meeting between Stephen F. Smallwood and the defendant. The purpose of the meeting was to bring Smallwood and his associates into a robbery and burglary Moody was planning. The property sought was $180,000.00 worth of coins. Moody said he wanted half of the loot because he was going to be required to pay $600.00 for a key. Smallwood and Meeks agreed to participate. Smallwood and defendant were to meet at a location unknown to Meeks the following day for some unknown purpose in connection with the robbery. The following day Meeks was at Smallwood's home. Smallwood and Hardyway left "to take care of some business." When they returned, the conversation indicated they had been working on the robbery plan. Meeks was shown a key by Smallwood. Meeks and three other participants drove to the Pawnee Plaza Mall on March 8, 1975, to familiarize themselves with the scene (the coin and stamp exhibits were located there). They settled on the robbery plan and drove the planned escape route several times and decided the robbery would occur at midnight that night. In the early morning hours, on their way to commit the crimes, the four men were stopped by the police. Smallwood escaped but the remaining three were arrested for unlawful possession of firearms. Meeks' only contact with the defendant relevant to this case was the March 4 meeting.

Other evidence presented by the state was the testimony of personnel of the shopping center who saw three men acting suspiciously on March 5. Two of the men were black and one was white. One of the witnesses knew Smallwood and identified him at trial as being one of the men he saw. This witness also knew the defendant but could not identify him as the white man present, but stated he only saw the man at a distance of 60 to 70 feet. He said he thought the other black man was a James Trotter. At trial he was shown photographs of Hardyway (a co-conspirator) and Trotter and testified they were similar. The three men were followed back to their car, a cream or tan over metallic brown 2-door 1971 or 1972 Buick Riviera bearing license tag SGM 12051. Meeks testified he had seen defendant driving a vehicle that fit that description. The tag in question had been issued to defendant for a 2-door 1972 Buick.

The defendant raises a number of points on appeal. The defendant first claims error in the admission of the testimony of co-conspirator Meeks without independent proof of a conspiracy. The defendant relies on K.S.A. 60-460(*i*) as interpreted in *State v. Nirschl,* 208 Kan. 111, 490 P.2d 917, as follows:

"An out of court declaration is admissible, as against a party, if the statement concerns a matter within the scope of an agency or employment of the declarant for that party, and was made before the termination of the relationship. However, evidence extrinsic to the out of court declaration must be in the record to establish some substantial factual basis that an agency or employment existed before hearsay evidence may be admitted as an exception to the rule.

"Where an out of court declaration concerns a conspiracy to commit a crime and is relevant to its subject matter and made during the existence of the conspiracy, evidence extrinsic to such out of court declaration must be in the record to establish some substantial factual basis of the existence of such conspiracy, before hearsay evidence by a third party witness or witnesses may be admitted as an exception to the rule. (K.S.A. 60-460[*i*][2].)" (Syl. 1, 2.)

Meeks was not testifying to what a third party told him the defendant said. Meeks personally heard the conversation.

The precise question raised here was before this court in *State v. Roberts,* 223 Kan. 49, 574 P.2d 164, wherein we said:

"Appellants have misinterpreted the statute and its case law. K.S.A. 60-460(*i*) addresses a third party situation. Its requirements apply when the party (defendant) and the declarant (coconspirator) are participating in a plan to commit a crime and a third person (witness) is later called to testify as to the coconspirator's statements made outside the presence of the defendant concerning the conspiracy for the purpose of establishing defendant's participation in the conspiracy and crime. As previously pointed out the theory of admissibility is that each party to the conspiracy becomes an agent for the others. Therefore as an agent his statements to a third person bind not only himself but the others for whom he is acting. Under this theory of admissibility the conspiracy out of which the agency arises must be proven before the third party may testify against a coconspirator as to the declarant's statements made in the absence of the defendant-coconspirator.

"This is not such a case. The statements here were made in the presence of all conspirators. The statements were not made to a third party. A conspiracy is an agreement with another person to commit a crime or to assist in the same. The statements of persons present when the conspiracy is being consummated are admissible as matters accompanying an incident to the transaction or event; as such they are part of the *res gestae.* Such statements by which the agreement was reached may be established by the testimony of anyone present when the agreement was alleged to have been entered into. . . ." (p. 60.)

The trial court did not err in permitting Ray Meeks to testify without prior proof of a conspiracy.

The defendant's second claim of error is the refusal of the trial

court to give special instructions to the jury regarding their consideration of the testimony of Ray Meeks. This point covers two areas. First, defendant claims a limiting instruction should have been given prior to the Meeks testimony. The defendant did request an instruction be given during the trial, but it is unclear as to the area on which he wished the jury to be instructed. The request appears to be for an instruction on what overt acts the state had to prove. The defendant further argues such a limiting instruction is mandatory even in the absence of a request. The cases cited by defendant in support of this position relate to factual situations where testimony is introduced that is admissible to some, but not all, of the defendants on trial or admitted for a limited purpose. The defendant in the case herein was the sole defendant, and the admission of Meeks' testimony was not limited. There was no error in failing to give an instruction limiting the jury's consideration of Meeks' testimony prior to its admission.

The second area of this point relates to the refusal of the trial court to include a cautionary instruction on accomplice testimony in the instructions given to the jury at the close of the evidence. This is the most serious issue on appeal. The trial court refused to give such an instruction on the grounds it was an improper comment by the court on the credibility of a witness. The requested instruction was PIK Crim. 52.18 as follows:

"An accomplice witness is one who testifies that he was involved in the commission of the crime with which the defendant is charged. You should consider with caution the uncorroborated testimony of an accomplice witness."

In the trial of a criminal action, failure of the court to instruct the jury that the testimony of an accomplice should be considered with caution does not constitute reversible error when the testimony of the accomplice is fully corroborated and amounts to merely cumulative evidence and where the jury was instructed as to their duty to consider the weight of the evidence and credibility of witnesses. (*State v. Parrish*, 205 Kan. 178, Syl. 5, 468 P.2d 143.)

The evidence in the case at hand was only partially corroborated. Clearly it was error not to have given the instruction. The question becomes whether or not the error is reversible error.

It is significant that the court did not give PIK Crim. 52.09 on credibility of witnesses which is as follows:

"It is for you to determine the weight and credit to be given the testimony of each witness. You have a right to use common knowledge and experience in regard to the matter about which a witness has testified."

Instead, the court gave the following instruction on credibility of witnesses:

"It is for you to determine the weight and credit to be given the testimony of each witness. You have a right to use that knowledge and experience which you possess in common with men in general, in regard to the matter about which a witness has testified. You may take into account his ability and opportunity to observe and know the things about which he or she has testified, his memory, manner and conduct while testifying, any interest he may have in the result of this trial, and the reasonableness of his testimony considered in the light of all the evidence in this case.

"If you find that any witness has wilfully testified falsely concerning any material matter, you have a right to distrust the testimony of that witness in other matters, and you may reject all or part of the testimony of that witness, or you may give it such weight as you think it deserves. You should not reject any testimony without cause."

We conclude that the credibility of witnesses instruction as given was sufficiently cautionary as to Meeks to prevent the error of failing to give the requested accomplice instruction from rising to the level of prejudicial or reversible error under the totality of the circumstances of this case.

The defendant's third claim of error relates to the information and may be broken down into three parts. Count 30 of the information states:

"On or about March 4, 1975, to March 9, 1975, ELMER HARDYWAY, JR., and MELVIN V. MOODY did then and there unlawfully, willfully agree with each other and with Ray E. Meeks to commit and to assist to commit the crimes of Aggravated Burglary and Aggravated Robbery, and an overt act in furtherance of the conspiracy was committed, to-wit: on or about March 4, 1975, STEPHEN F. SMALLWOOD and RAY E. MEEKS met with MELVIN V. MOODY and discussed stealing a coin collection; on or about March 5, 1975, STEPHEN F. SMALLWOOD and ELMER HARDYWAY, JR., met with MELVIN V. MOODY and traveled to the Pawnee Plaza Mall, Wichita, Sedgwick County, Kansas; and on or about March 8, 1975, ELMER HARDYWAY, JR., DONALD MCQUEEN, STEPHEN F. SMALLWOOD and RAY E. MEEKS traveled to the Pawnee Plaza Mall, Wichita, Sedgwick County, Kansas; contrary to K.S.A. 21-3302 (Conspiracy, Class E Felony). . . ."

The corresponding count in the second amended complaint (Count 44) was identical except Smallwood and McQueen were omitted from the "agree" section of the information. McQueen was omitted due to the fact he was not bound over on that count. The state contends the omission of Smallwood was a clerical

error. Also, Smallwood had not been apprehended at the time the information was filed. The defense did not object to the failure to include Smallwood in this portion of the count. At the conclusion of the evidence, Smallwood's name was amended into this portion of the information on motion of the state.

The defendant claims this amendment was prejudicial error. This point is without merit. Defendant did not object to the elements instruction which was given on the amended information. The inclusion of Smallwood was no surprise and did not require the defendant to alter his defense.

The defendant next contends the information is duplicitous since conspiracy to commit two crimes is contained in one count. There was a conspiracy to unlawfully acquire possession of a coin collection. The fact that the conspiracy called for two statutes to be violated in accomplishing its objective does not make the count duplicitous. See *Troutman v. United States,* 100 F.2d 628 (10th Cir. 1938).

The defendant next argues that the information was defective as it failed to clearly state the alleged overt act. It should be noted that, on motion of the defendant, the first alleged overt act was struck on the grounds it evidenced an "agreement" rather than an overt act. Defendant argues "traveled to the Pawnee Plaza Mall" is not specific enough to apprise him of the overt act as the act was not a criminal act that shows on its face that it was in furtherance of the conspiracy. Although innocent in itself, an overt act is sufficient to complete the crime of conspiracy if performed in furtherance thereof as the overt act merely manifests that the conspiracy is at work. (*Carlson v. United States,* 187 F.2d 366 [10th Cir. 1951], cert. denied, 341 U.S. 940, 95 L.Ed. 1367, 71 S.Ct. 1000.) This point is without merit.

The defendant's fourth and ninth claims of error relate to the sufficiency of the evidence.

The often stated rule for appellate review is:

"In a criminal case, the issue on appeal is not whether the evidence establishes guilt beyond a reasonable doubt, but whether the evidence is sufficient to form the basis for a reasonable inference of guilt when viewed in the light most favorable to the state." (*State v. Childers,* 222 Kan. 32, Syl. 1, 563 P.2d 999; accord, *State v. Duncan,* 221 Kan. 714, Syl. 2, 562 P.2d 84; *State v. Sovems,* 215 Kan. 775, 529 P.2d 181.)

The state's case stood or fell on whether the jury believed Meeks. It elected to do so. We have no hesitancy in holding that the evidence was sufficient to support the verdict.

The defendant's fifth claim of error is improper remarks of the prosecutor in his closing arguments. The state's theory was that the defendant masterminded the conspiracy but that the actual perpetration of the crimes to be committed was left to others. The defendant was white. The individuals he brought in to physically commit the crimes were black. The state argued that this was not by accident as an all-white jury such as heard this case would be less likely to convict a white man on a black man's testimony. Any comment, racial in nature, is dangerous ground in closing arguments. No objection was made to these remarks. Defendant further complains of the comment of the prosecutor in closing argument on the defendant's failure to explain away the presence of his license tag at the shopping center on March 5. No objection was made. It is the general rule that reversible error cannot be based on misconduct of counsel in closing summation where no objection was entered at the trial and no request was made that the jury be admonished to disregard the objectionable conduct or statements. (*State v. Anicker,* 217 Kan. 314, Syl. 2, 536 P.2d 1355; *State v. Ralls,* 213 Kan. 249, 250, 515 P.2d 1205; *State v. Fleury,* 203 Kan. 888, 896, 457 P.2d 44.)

In summing up a case before a jury, counsel may not introduce or comment on facts outside the evidence, but reasonable inferences may be drawn from the evidence and considerable latitude is allowed in discussing it. Counsel may appeal to the jury with all the power and persuasiveness his learning, skill and experience enable him to use. (*State v. Baker,* 219 Kan. 854, Syl. 9, 549 P.2d 911; *State v. Wilkins,* 215 Kan. 145, Syl. 3, 523 P.2d 728.)

The remarks further imply that defendant had used black people in this manner on previous occasions. The implication defendant had committed other crimes was cured on objection.

In the context of this case, which stood or fell on the weight the jury afforded the testimony of Meeks and the nature of the state's theory, we hold that the trial court did not err in overruling defendant's motion for a new trial on the grounds of improper remarks of the prosecutor during closing argument.

The defendant's sixth claim of error, also, involves the closing arguments of the prosecutor. The defense in the case was alibi. Some alibi witnesses dated their testimony as being the day of or the day following election day. Defense counsel in his closing

argument stated there was only one election day that year. In his final argument, the prosecutor stated there were two election days—March 4, 1975, and another one three weeks later. No contemporaneous objection was made by defense counsel. The law in this respect is quite clear. There is no prejudicial error when the questionable statements of a prosecuting attorney are provoked and made in response to previous arguments or statements of defendant's attorney. (*State v. Cippola,* 202 Kan. 624, 628, 451 P.2d 199, cert. denied, 396 U.S. 967, 24 L.Ed.2d 432, 90 S.Ct. 446; *State v. Magee,* 201 Kan. 566, 570, 441 P.2d 863.) This point is without merit.

The defendant's seventh claim of error is the admission of Meeks' testimony which the defense contends was obtained after Meeks' constitutional rights were violated. We will not set forth the details of this allegation as the same point was determined adversely to the defendant in the appeal of a co-defendant who was tried separately. See *State v. Smallwood,* 223 Kan. 320, 574 P.2d 1361, for the particulars on this point. The defendant herein, like Smallwood, has no standing to assert Meeks' rights.

The defendant's eighth claim of error was the admission of evidence of acts occurring after the conspiracy. The defendant takes the position that the conspiracy ended when the planning stage was completed and that the evidence of the men's preparation to commit the crimes and their arrest on the way to the scene was inadmissible. Included in the evidence admitted over objection were the guns seized from the men when the vehicle was stopped. The defendant was charged with conspiracy to commit aggravated burglary and *aggravated robbery.* This point is considered and found to be without merit.

The judgment is affirmed.