IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,774

STATE OF KANSAS,
*Appellee*,

v.

DENISE DAVEY,
*Appellant.*

SYLLABUS BY THE COURT

1.

Generally, evidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible, albeit that hearsay rule is subject to certain statutorily created exceptions.

2.    K.S.A. 2016 Supp. 60-460(i)(2) creates an exception to the hearsay rule for an out-of-court statement that would otherwise be admissible if made by the declarant at the hearing, if the hearsay is offered against a party and "the party and the declarant were participating in a plan to commit a crime or a civil wrong and the statement was relevant to the plan or its subject matter and was made while the plan was in existence and before its complete execution or other termination."

3.

The coconspirator exception to the hearsay rule, based upon K.S.A. 2016 Supp. 60-460(i)(2), does not require that the coconspirator's statement be offered to the court by a third person who is not a participant in the conspiracy. The third person requirement for the application of the coconspirator exception to the hearsay rule, as declared in *State v.*

1

*Bird*, 238 Kan. 160, 176, 708 P.2d 946 (1985), and its progeny, is hereby disapproved and overruled.

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 8, 2016. Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed July 21, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Shawn E. Minihan,* assistant district attorney, argued the cause, and *Daniel G. Obermeier*, legal intern, *Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Denise Davey (Davey) seeks review of the Court of Appeals decision that affirmed her convictions and resulting sentence for attempted first-degree murder and conspiracy to commit first-degree murder of her husband, Dennis Davey (Dennis). The State prosecuted Davey, in part, on the theory that she conspired with her daughter, her daughter's boyfriend, and the boyfriend's sister to kill Dennis. At trial, the State introduced several hearsay statements that were made among the conspirators. The issue for our review is whether the coconspirator exception to the hearsay rule, as gleaned from the vicarious liability exception set forth in K.S.A. 2016 Supp. 60-460(i)(2), can apply when the hearsay is offered at trial by a coconspirator, rather than a third party. We find the exception applicable in such a case and affirm the Court of Appeals and the trial court.

2

FACTUAL AND PROCEDURAL OVERVIEW

Davey's convictions emanated from her attempts to kill her husband, Dennis, or to hire others to kill him, in order to get his money and life insurance proceeds. The State's evidence included testimony that Davey put mercury from a thermometer onto Dennis' sandwich, believing it would act as an untraceable poison. Later, in the early morning hours of June 26, 2013, three people brutally attacked Dennis in his bedroom as he slept, intending to kill him by hitting him in the head with a baseball bat and suffocating him with a garbage bag taped over his head. Those assailants were Davey's daughter, Nicole Carter (Nicole); Nicole's boyfriend, Adam Hersh (Adam); and Adam's sister, Whitney Hersh (Whitney). The assailants were caught and arrested while fleeing Dennis' house after he fought off their attack.

The Court of Appeals opinion sets forth a detailed factual statement, describing each participant's version of events leading up to and surrounding the attack, all of which implicate Davey in the murderous scheme. *State v. Davey*, No. 111,774, 2016 WL 97847 (Kan. App. 2016) (unpublished opinion). Nicole's and Adam's respective stories were presented to the jury by reading their preliminary hearing testimony, because they invoked their Fifth Amendment right against self-incrimination at trial and refused to testify. Whitney and Dennis testified at trial.

We discern that a detailed factual recitation is unnecessary to resolve the issue presented to us. It is sufficient to know that, on more than one occasion, Davey gave money to Adam to hire someone else to kill Dennis. When the hire-a-killer plan failed because Adam either spent the money on methamphetamine or hired a nonperformer, Davey ultimately conspired with and paid money to Nicole, Adam, and Whitney to do the killing. The final plan was for the trio to kill Dennis in his bedroom, as he slept, while Davey was visiting her mother in another town.

3

The State obtained and presented to the jury evidence that the coconspirators made statements, sent texts, and talked on the telephone to each other about matters the State claimed to be relevant to the plot to kill Dennis. Davey claims that statements attributable to her, Adam, and Nicole should not have been admitted, because they were inadmissible hearsay.

Specifically, the State offered Whitney's testimony that she heard Nicole say on the telephone, "'No, Mom, I'm not going to kill you too.'" Defense counsel interposed a timely "hearsay" objection to any testimony about what Whitney heard Nicole say to Davey. The trial court overruled the objection, noting, "It is hearsay, but at this point there is an exception to that." Defense counsel then argued that the statement was not in furtherance of a conspiracy and that Davey was denied her right to cross-examine Nicole because Nicole was unavailable. The trial court rejected that argument, ruling that the statement was relevant to the conspiracy and that a prima facie case had been made that there was a conspiracy.

At the outset of the third day of trial, defense counsel informed the district court that he intended to raise hearsay objections to certain text messages sent among Adam, Nicole, and Davey that the State intended to introduce. Defense counsel related one example was a text Davey allegedly sent Adam a week before the attack, saying: "'I got home last night and the goons never showed up. I want my money back.'" Another text message, from Adam to Nicole, said, "You need to stop talking about your stepdad, and, no, I won't help you kill him." Defense counsel argued that the text messages were not statements in furtherance of the conspiracy and that the defense did not have the opportunity to cross-examine Adam. The trial court ruled that it would allow the text messages to be admitted into evidence as statements by coconspirators and noted Davey's continuing objection to the text messages.

4

Defense counsel renewed his objection when the State moved to admit the text messages between Adam and Davey. Davey subsequently filed a motion for new trial, arguing, in part, that the trial court "erred in allowing the State to submit hearsay statements from non-testifying co-defendants, Adam Hersh and Nicole Carter." The trial court denied the motion.

Defense counsel also objected to the State's admission of recordings of phone calls Nicole made from jail to Davey, on the grounds that the conspiracy was over at the time the calls were made and that Nicole was unavailable for cross-examination. The trial court overruled the objection. During deliberations, the jury asked to review the jail call during which someone made a statement that no one would be covering for Davey anymore and Davey states, "'Damn.'"

Before the Court of Appeals, Davey claimed that Nicole's statements through the testimony of Whitney; the text messages sent among Adam, Nicole, and Davey; and the recorded jail telephone calls from Nicole to Davey were inadmissible hearsay under the coconspirator hearsay exception found in K.S.A. 2016 Supp. 60-460(i)(2). Citing *State v. Sharp*, 289 Kan. 72, 210 P.3d 590 (2009), Davey argued that the out-of-court statements did not meet the requirement that "the person testifying must be a third party," or that the statements must be admitted through a third party who was not a member of the conspiracy.

As part of its responsive brief, the State claimed that the defense was asserting a different objection to the evidence on appeal than it had asserted at trial. Specifically, the State pointed out that defense counsel had argued to the trial court that Nicole's statement to Davey, as related by Whitney, was "not a statement in furtherance of any conspiracy." But on appeal, Davey argues that the hearsay does not fit the coconspirator exception

5

because it was offered by a coconspirator, rather than a third party. The State asserts that the change in the defense objection means that the evidentiary issue was not preserved for appeal under K.S.A. 60-404.

The panel did not address the State's preservation issue. Rather it proceeded to decide the case on its merits. It concluded that sufficient evidence supported a factual basis for the hearsay exception and that the hearsay evidence was admissible under the coconspirator exception. The panel opined that the plain language of K.S.A. 2016 Supp. 60-460(i)(2) did not support this court's requirement that a coconspirator's out-of-court statement must come from a "third party" to be admissible. *Davey*, 2016 WL 97847, at *8. The panel noted that in *Sharp,* 289 Kan. at 103, this court disapproved of a different court-made requirement for the applicability of K.S.A. 2016 Supp. 60-460(i)(2), because the statutory language did not support the requirement. *Davey,* 2016 WL 97847, at *8. The same rationale applied to the third-party requirement at issue here. The panel also noted that this court had not consistently followed the third-party rule, citing to *State v. Jackson*, 280 Kan. 16, 33-35, 118 P.3d 1238 (2005), *cert. denied* 546 U.S. 1184 (2006), where this court allowed hearsay statements under K.S.A. 60-460(i)(2) introduced at trial through the testimony of a coconspirator. *Davey*, 2016 WL 97847, at *8.

With respect to Davey's complaint about the jail-recorded telephone calls from Nicole to Davey, the panel noted that Davey had not included the recordings in the record on appeal. 2016 WL 97847, at *7. Finally, the panel rejected Davey's second issue on appeal that challenged the trial court's instructions to the jury. 2016 WL 97847, at *8-9.

In her petition for review to this court, Davey does not challenge the panel's ruling on the instruction issue. See Supreme Court Rule 8.03(h)(1) (2017 Kan. S. Ct. R. 53) (issues before Supreme Court include all issues which petition for review alleges were decided erroneously by the Court of Appeals). The sole contention in Davey's petition for

6

review is that the statements attributed to Nicole; the text messages among Adam, Nicole, and Davey; and the jail-recorded telephone calls "were inadmissible hearsay, unfairly prejudicial, and contributed to the outcome at trial." Davey summarized her argument as to why the hearsay was inadmissible as follows:

> "The trial court erred in admitting the statements of Nicole Carter through the testimony of Whitney Hersh as coconspirator exceptions to the hearsay rule because Whitney Hersh was an alleged participant in the conspiracy, rather than a 'third party' as required by the coconspirator exception. The trial court made the same error with respect to all the text messages sent between Adam Hersh, Nicole Carter, and Denise Davey. The text messages were not introduced through third parties, but rather as direct statements of persons accused of being part of the conspiracy to kill Mr. Davey. The same argument applies to the jail calls Denise [Davey] made or received from other members of the alleged conspiracy."

We will limit our discussion to the precise issue upon which Davey seeks review, *i.e*., whether the coconspirator exception to the hearsay rule is applicable where the State offers the hearsay through a coconspirator. Likewise, we would note that the State has not challenged—either through a cross-petition for review or in its supplemental brief to this court—the Court of Appeals' implied ruling in favor of Davey on the State's nonpreservation claim. See *State v. Keenan*, 304 Kan. 986, Syl. ¶ 1, 377 P.3d 439 (2016) (failure of State to cross-petition adverse ruling on preservation claim precludes consideration of whether the Court of Appeals erred on that point).

COCONSPIRATOR EXCEPTION TO HEARSAY RULE

Subject to stated exceptions, "[e]vidence of a statement which is made other than by a witness while testifying at the hearing, offered to prove the truth of the matter stated, is hearsay evidence and inadmissible." K.S.A. 2016 Supp. 60-460. We commonly refer to

7

that evidentiary proscription as the hearsay rule. The trial judge specifically found that Whitney's testimony as to what Nicole said to Davey was hearsay, and the State does not challenge that ruling. Moreover, the State does not argue that any of the challenged evidence is not hearsay, as statutorily defined.

Instead, the State relies on an exception to the hearsay rule referred to as the coconspirator exception, which emanates from the "vicarious admissions" exception in K.S.A. 2016 Supp. 60-460(i). Specifically, the description of the coconspirator exception is set forth in subsection K.S.A. 2016 Supp. 60-460(i)(2), which states:

> "As against a party, a statement which would be admissible if made by the declarant at the hearing if . . . the party and the declarant were participating in a plan to commit a crime or a civil wrong and the statement was relevant to the plan or its subject matter and was made while the plan was in existence and before its complete execution or other termination."

Davey challenges the trial court's determination that the hearsay fit within the coconspirator exception to the hearsay rule.

*Standard of Review*

Generally, this court reviews a trial court's determination of hearsay admissibility for an abuse of discretion. *State v. Betancourt*, 301 Kan. 282, 297, 342 P.3d 916 (2015). But discretion may be abused in different ways. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Collins*, 303 Kan. 472, 477, 362 P.3d 1098 (2015). To the extent that the legal basis of the trial court's action requires us to interpret K.S.A. 2016 Supp. 60-460(i)(2), our review is unlimited. 303 Kan. at 473-74.

8

*Analysis*

Ordinarily, an appellate court endeavors to construe a statute to effect legislative intent, where that intent can be ascertained. See *State v. Jordan,* 303 Kan. 1017, 1019, 370 P.3d 417 (2016) (most fundamental rule of statutory construction is that legislative intent governs where ascertainable). The first step in that process is to look at the statutory language employed by the legislature, giving common words their ordinary meanings, and refraining from reading something into the statute that is not readily found in its words. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

Notwithstanding those rules of construction, court-made elements of the coconspirator exception began to emerge. See *State v. Roberts*, 223 Kan. 49, 59, 574 P.2d 164 (1977) (statement of coconspirator must have been made outside the presence of the accused), *disapproved of by Sharp*, 289 Kan. 72; *State v. Moody*, 223 Kan. 699, Syl. ¶ 1, 576 P.2d 637, *cert. denied* 439 U.S. 894 (1978) (K.S.A. 60-460[i] applies when defendant and coconspirator involved in plan to commit crime and third person called to testify as to coconspirator's statements made outside the presence of defendant). Ultimately, the court in *State v. Bird*, 238 Kan. 160, 175-76, 708 P.2d 946 (1985), *disapproved of by Sharp*, 289 Kan. 72, laid down a five-part test to determine whether the coconspirator hearsay exception applies, to-wit:

> "(1) [T]he person testifying must be a third party; (2) the out-of-court statement about which the person will testify must have been made by one of the coconspirators; (3) the statement of the coconspirator must have been outside the presence of the accused; (4) the statement of the coconspirator must have been made while the conspiracy was in progress; and (5) the statement must be relevant to the plan or its subject matter."

Recently, this court has adhered more closely to the "principle that an appellate court must give effect only to express statutory language, rather than speculating what the

9

law should or should not be, and that [an appellate court] will not add something to a statute not readily found in it." *Bergstrom v. Spears Manufacturing Co.*, 289 Kan. 605, 610, 214 P.3d 676 (2009). In that vein, the *Sharp* court reexamined the five-part test from *Bird*, ultimately disapproving of the third part of the test requiring that the hearsay statement must have been made outside the presence of the accused. Sharp could find no statutory language in K.S.A. 60-460(i)(2) to support that requirement. *Sharp*, 289 Kan. at 102-03.

In reaching its decision, the *Sharp* court noted that *Bird* had cited no authority for its third requirement and that *Roberts'* use of the same language had not been based upon any supporting authority. *Sharp*, 289 Kan. at 102-03. In addition to manufacturing unsupported requirements for applying the statutory exception, the *Roberts* court also relied on the doctrine of res gestae, which has been put to rest in this context. See *State v. Bryant*, 272 Kan. 1204, 1210, 38 P.3d 661 (2002) (Six, J., concurring) ("Res gestae, as an independent evidentiary concept, deserves a proper burial."). *Sharp* also noted that all parts of the *Bird* test have not always been followed, citing to *State v. Jackson*, 280 Kan. 16, 33-35, 118 P.3d 1238 (2005), *cert. denied* 546 U.S. 1184 (2006). *Sharp*, 289 Kan. at 103; see also *State v. Dewberry*, No. 106,701, 2013 WL 2321039, at *21-23 (Kan. App. 2013) (unpublished opinion) (utilizing only the statutory language). Recently, the *Betancourt* court affirmed the admission of a coconspirator's out-of-court statements under K.S.A. 60-460(i)(2) through the testimony of another coconspirator, in contravention of *Bird*'s third-party rule. 301 Kan. at 297-300.

The Court of Appeals in this case correctly viewed the *Sharp* decision as signaling a departure from those parts of the *Bird* test that are not supported by the language of K.S.A. 2016 Supp. 60-460(i)(2). Accordingly, we now expressly disapprove of the requirement that the coconspirator exception requires that the person testifying must be a third person and not a coconspirator. Rather, the language of K.S.A. 2016 Supp. 60-

10

460(i)(2) sets up just three requirements for the coconspirator exception to the hearsay rule to apply: (1) the out-of-court statement must have been made by one of the coconspirators; (2) the statement of the coconspirator must have been made while the conspiracy was in progress; and (3) the statement must be relevant to the plan or its subject matter.

Davey does not dispute that there is substantial competent evidence in the record to support the factual requirements for the application of K.S.A. 2016 Supp. 60-460(i)(2), or argue that K.S.A. 2016 Supp. 60-460(i)(2) does not apply under the three remaining valid requirements of the test. Consequently, the trial court did not err in admitting the evidence and the Court of Appeals properly affirmed the district court.

Affirmed.